## GEORGE A. CALLICOTTE v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

In Banc, June 13, 1918.

1. **SAFETY APPLIANCE ACT: Injury to Employee: Negligence.** In an action under the Safety Appliance Act for injury to a trainman who, in the course of duty, attempted to descend from a car, and fell from its top by reason of the giving way of the handhold, if the equipment was in fact defective or out of repair, the question of whether this was attributable to the defendant's negligence is immaterial.

274 Mo.—44

2. ———: ———: **Contributory Negligence.** Under the Safety Appliance Act, contributory negligence constitutes neither defense nor mitigation of damages.

3. ———: ———: **Allegation of Negligence: Proof and Instruction.** In an action for injury to an employee founded on the Safety Appliance Act, an allegation that the defendant was negligent in failing to discover and repair the defects specified is mere surplusage, and if the facts alleged and proved bring the case within that statute a judgment for plaintiff will not be reversed because the instruction required the jury to find that defendant was negligent in the manner alleged and there was no proof of such negligence. Both by the allegation and the instruction the plaintiff assumed an unnecessary burden, but the verdict being for him and the proof being sufficient to authorize a recovery under the act, the judgment will not be reversed because he assumed that unnecessary burden. Had he failed to recover and attempted to secure a reversal on the ground that he was not required to prove negligence, the contention that he is bound by his chosen trial theory might have greater validity.

4. **INSTRUCTION: Assumption of Injury.** Where the first instruction required the jury, before finding for plaintiff, to find all facts necessary to authorize such a verdict, including the fact that he was injured, the second instruction, telling them that, if they find for plaintiff, they may take into consideration certain things in estimating his damages, does not assume that he was injured.

5. **VERDICT: Excessive: Character of Testimony.** The appellate court will not rule that the verdict is excessive on the ground that the testimony to prove the injuries is not worthy of belief. In this case that was a jury question.

6. ———: ———: **Aliunde Evidence.** The court in determining whether or not the verdict is excessive in view of the evidence is restricted to the record made at the trial, and will not consider evidence obtained in a subsequent attack upon the judgment tending to prove that plaintiff has entirely recovered from his injuries.

Appeal from Buchanan Circuit Court.—*Hon. Thomas B. Allen,* Judge.

AFFIRMED.

*Paul E. Walker, John E. Dolman* and *O. E. Shultz* for appellant.

(1) The court erred in refusing to give defendant's peremptory instruction. The action is brought

under the Federal Employers' Liability Act, which regards negligence as the basis of the duty to make compensation and excludes the existence of such a duty in the absence of negligence. Erie Railroad Co. v. Winfield, 37 Sup. Court Rep. 556; N. Y. C. Railroad Co. v. Winfield, 244 U. S. 151; Seaboard Air Line v. Horton, 233 U. S. 492; So. Ry. Co. v. Gray, 241 U. S. 333; Hogan v. N. Y. C. Ry. Co., 223 Fed. 890. The defect must be such as could have been discovered by reasonable inspection and negligence predicated thereon, in the absence of which no recovery can be had. Penn. Ry. Co. v. Glas, 239 Fed. 256-261; Penn. Ry. Co. v. Knop, 218 Fed. 748. The burden is upon the plaintiff to prove negligence. If the lag screw broke by reason of some defect it devolves upon him to show that by reasonable care this defect might have been discovered. Texas Pac. Ry. Co. v. Barrett, 166 U. S. 617; Westinghouse Elect. Co. v. Heimlich, 127 Fed. 92. (2) If the defect in the lag screw and the handhold was of such a nature that it could have been discovered by reasonable inspection it was plaintiff's duty under the rules of the company to examine the same before using it, to see that it was in proper condition, and his failure to do so would constitute negligence directly contributing to the accident complained of. Norfolk Ry. Co. v. Ferebee, 238 U. S. 269; Southern Ry. Co. v. Gray, 241 U. S. 333. (3) Instruction 2, requested by plaintiff, is erroneous, because it assumes that plaintiff was injured when this fact was disputed. The court may, in its instruction to the jury, assume the truth of a proposition which is established by the undisputed testimony, but it is manifestly improper to do so, where there is conflict in the evidence. Fullerton v. Fordyce, 121 Mo. 13; Hall v. Railroad, 74 Mo. 302; Barr v. Armstrong, 56 Mo. 589; Caldwell v. Stevens, 57 Mo. 595; Warrington v. Bird, 168 Mo. App. 390; Freeman v. Met. St. Ry. Co., 95 Mo. App. 104; Davidson v. Transit Co., 211 Mo. 357. (4) It will not be denied upon this appeal that within less than sixty days after the rendition of the judgment herein com-

plained of, plaintiff entirely recovered and admitted that he had entirely recovered from his alleged paralysis, and from that time to this has been as well as he ever was. Manifestly, therefore, the judgment is excessive and in the interest of justice, notwithstanding the record, does not disclose these admitted facts, it should be set aside for that reason.

*Randolph & Randolph* and *Strop & Mayer* for respondent.

(1) The court did not err in refusing defendant's peremptory instruction. Illinois Central Railroad Co. v. Williams, 242 U. S. 462; Texas & Pacific Railroad Co. v. Rigsby, 241 U. S. 33; Spokane Ry. Co. v. Campbell, 241 U. S. 99; San Antonio Railroad Co. v. Waggoner, 241 U. S. 476; Great Northern Ry. Co. v. Otos, 239 U. S. 349; Burlington Ry. Co. v. United States, 220 U. S. 550; Iron Mountain Ry. Co. v. Taylor, 210 U. S. 281. (2) Contributory negligence was no defense, even for the purpose of diminishing the amount of damages. Spokane Ry. Co. v. Campbell, 241 U. S. 497; Grand Trunk Ry. Co. v. Lindsay, 233 U. S. 44. (3) It is not necessary to submit the question of contributory negligence in any case where the evidence shows there was none. Norfolk, etc. Ry. Co. v. Ferebee, 238 U. S. 269.

BLAIR, J.—Respondent recovered judgment for $18,000 in an action for damages for personal injuries. This appeal followed.

It is undisputed that the appellant was engaged and respondent employed in interstate commerce at the time of the injury. The evidence tends to show respondent, in the course of duty, attempted to descend from one of appellant's cars and fell from its top by reason of the giving way of a handhold on the car at the top of the ladder he was about to use; that the lag screw designed to secure one end of the handhold was partly rusted through or cracked one-half inch below the surface of the roof of the car, and gave way when respondent attempted to use the handhold, and

that respondent fell thirteen feet and struck upon his back; that symptoms of paralysis of the lower limbs developed. Physicians who testified had examined respondent and had applied numerous tests for the purpose of determining the fact whether paralysis existed. The "doctors disagreed," but there was evidence that the tests applied developed facts showing that respondent's injuries were permanent.

Appellant assigns for error (1) the refusal of the court to direct a verdict for defendant; (2) the giving of one of respondent's instructions, and (3) excessiveness of the damages allowed.

I.   In an action under the Safety Appliance Act "it is of course settled that if the equipment was in fact defective or out of repair, the question whether **Negligence.** this was attributable to the company's negligence is immaterial." [Spokane & Inland Railroad v. Campbell, 241 U. S. 1. c. 505, and cases cited; St. Joseph & Grand Island Ry. v. Moore, 243 U. S. 1. c. 314; San Antonio Ry. v. Wagner, 241 U. S. 1. c. 483, 484; Illinois Central Railroad v. Williams, 242 U. S. 1. c. 464; New York Central Railroad v. White, 243 U. S. 1. c. 198; L. & N. Railroad v. Layton, 243 U. S. 1. c. 620, 621; Roberts' Injuries to Interstate Employees, sec. 21.] Decisions under the Federal Employees' Liability Act (several are cited) and in cases grounded upon general law are inapplicable.

II.   Under the Safety Appliance Act contributory negligence of the injured person constitutes neither de-**Contributory Negligence.** fense nor mitigation of damages. [Moore, v. St. Joseph & Grand Island Ry., 268 Mo. 1. c. 35, 36, affirmed 243 U. S. 311; Spokane & Inland Railroad v. Campbell, 241 U. S. 1. c. 509, 510.]

III.   The petition stated facts making a case under the Safety Appliance Act. In addition, it alleged appellant was negligent in failing to discover and repair

**Allegation of Negligence: Instruction and Proof.** defects charged to exist. Appellant's principal instruction required the jury, before finding for respondent, to find facts which would authorize a recovery under the Safety Appliance Act, and, also, that appellant was negligent in the manner alleged in the petition. Appellant now contends respondent is bound by this theory; that there was no substantial evidence that the defect could have been discovered by the exercise of appropriate care; and, therefore, that this judgment must be reversed. The facts alleged and proved brought the case within the Safety Appliance Act. This act is, as is the Employers' Liability Act, "paramount and exclusive" in its field. [N. Y. Central Railroad Co. v. Winfield, 244 U. S. l. c. 151 et seq.] The allegations of negligence in the petition were the purest surplusage, and in submitting the question in the instruction respondent assumed an unnecessary burden. Whether there was evidence of negligence of the sort mentioned is a purely academic question. The absence of such evidence, despite the submission of the question, is immaterial in view of "the positive duty imposed by the statute upon the railroad to furnish safe appliances" in the way of handholds. [Minn. & St. Louis R. R. Co. v. Gotschall, 244 U. S. 66.] The cases cited by appellant might be applicable had respondent failed to recover and had he attempted to secure a reversal on the ground that he was not required to prove negligence.

IV. It is contended the instruction on the measure of damages is erroneous. The only objection made which is not covered by principles already adverted **Instruction: Assumption of Injury.** to is that the instruction assumes that appellant was injured. Respondent's first instruction required the jury, before finding for respondent, to find all facts necessary to authorize such a verdict, including the fact that respondent was injured. Instruction 2 is as follows:

"The court instructs the jury that if you find for the plaintiff, in estimating and determining the measure of his damages you should take into consideration. in connection with the facts, circumstances and evidence, the bodily pain and suffering and mental anguish, if any, endured by him and resulting from the injuries received; the character and extent of his injuries and whether they are permanent in their nature; the extent, if any, to which he has been prevented and disabled, and will be prevented and disabled in the future, by reason of such injuries," etc.

This whole instruction is conditioned upon a finding for respondent, and instruction one requires that the fact of injury shall be found before the jury are authorized to find for respondent. It is clear instruction 2 does not assume the fact of injury.

V. In an additional brief appellant, after the argument and submission of the cause, attempts to assign additional error with respect to instruction one. This might be disposed of on the ground **Statutory Appliance.** that the complaint was not made in time. The contention is that "the evidence must show and the jury be required to find that the handhold in question *literally* complied with the statute" (Safety Appliance Act) "in order to bring the appliance within its terms and create a statutory liability for a defect therein;" that "there is nothing in the evidence in this case, nor in plaintiff's instruction (one) defining his right to recover, that the grab-iron in question was the one prescribed by the statute to be at the *top of the ladder.*" (Italics are those of counsel.)

There was no dispute about the position of the handhold which gave way and allowed respondent to fall. Questions propounded to appellant's witnesses by its counsel assumed the position of the handhold to be at the top of the ladder which respondent was attempting to descend. Further, the instruction assailed required the jury, before finding for respondent, to find, among other things, that respondent was

upon a box car in use by appellant "and attempted to descend from said car, and in such attempt took hold of a handhold or grab-iron on the top of said car provided for the purpose," etc. In the circumstances there is nothing in this contention.

VI. It is argued the judgment is excessive. We do not understand counsel to contend there was no substantial evidence tending to prove injuries justifying **Verdict.** a verdict for the amount given. They argue that the testimony tending to prove such injuries is not worthy of belief. This question was submitted to the jury, and we have no power to usurp their province and re-weigh the evidence on appeal. Another contention is that it appeared in the hearing on the application for the order for the writ of error *coram nobis* that respondent had not been permanently injured and was practically well at the time of that hearing. Unfortunately for appellant we are restricted to the record in the case as made at the trial. This court is powerless to go outside that record for additional evidence upon which to base a reversal. The wisdom or unwisdom of this limitation it is useless to discuss. The limitation exists and binds this court. The judgment is affirmed.

All concur except WOODSON, J., not sitting; BOND, J., concurs in the result because this does not preclude defendant from equitable relief.