ETHEL R. HENRY, Administratrix of the Estate of BURTEN L. HENRY, v. CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY, a Corporation, Appellant.—61 S. W. (2d) 340.

Division One, June 12, 1933.*

---

*NOTE: Opinion filed at October Term, 1932, March 16, 1933; motion for rehearing filed; motion overruled April 20, 1933; motion to transfer to Court en Banc filed; motion overruled at May Term, June 12, 1933.

*Charles A. Houts* for appellant; *H. N. Quigley* and *S. W. Baxter* of counsel.

*Charles P. Noell* and *Allen, Moser & Marsalek* for respondent

FRANK, P. J.—Action by Ethel R. Henry, administratrix of the estate of Burten L. Henry, deceased, to recover damages for the death of said Burten L. Henry. The trial below resulted in a verdict for defendant which the trial court set aside and defendant appealed.

At the time Burten L. Henry was killed, he was engaged in the performance of his duties as railroad freight brakeman for defendant. This suit is based on a violation by defendant of the Federal Safety Appliance Act, 45 U. S. C. A., sections 11-16. The petition alleges and the evidence shows that at the time Burten L. Henry was killed, he and defendant were engaged in interstate transportation. As defendant does not contend otherwise, we will so treat the case.

That part of the petition charging defendant with a violation of the Safety Appliance Act reads as follows:

". . . The freight car on top of which deceased was working when he received his mortal injuries, which car was not equipped with a secure and efficient hand brake, in violation of the laws of the United States (Act of April 14, 1910, Chapter 160, Section 2). The defendant hauled and permitted to be hauled and used on its lines a car which did not comply with the aforementioned United States statute in that the hand brake was so defective, insecure and inefficient that while deceased was on top of the car attempting to use said hand brake to slow up the speed of the car, either the hand brake chain broke causing the deceased to fall from the top of the car which was moving at the time and caused the death of deceased, or the hand brake chain on said car was so insecure and inefficient, in violation of the laws of the United States (Act of April 14, 1910, Chapter 160, Section 2) that it became disconnected in such a manner as to cause the deceased to fall off of the top of the car when he attempted to use same in slowing up the speed of the car, and plaintiff states that she does not know which of said causes produced the accident and therefore pleads them in the alternative but alleges that in either event the falling of deceased from the top of the car aforesaid was caused by and was the direct result of the negligence of the defendant and the violation of the Safety Appliance Act aforesaid.

"Plaintiff states that deceased falling off of the top of the said

car by reason of the negligence of defendant hereinbefore described was run over by the wheels of a freight car and was injured; that he was crushed through the body, and he suffered greatly from shock and loss of blood, and he suffered continually great excruciating conscious pain and anguish for a period of about thirty minutes before he died.''

The verdict in favor of defendant was set aside on the ground that error was committed in the giving of defendant's instructions three, four and five. These instructions placed the burden on plaintiff to prove that Henry's death was caused by the negligence of defendant, and directed a verdict for defendant unless the jury found what caused his death, and in addition thereto found that such death was caused by the negligence of defendant.

The Federal Safety Appliance Act under which this suit was brought provides that ''it shall be unlawful for any common carrier subject to the provisions of this chapter to haul, or permit to be hauled or used on its line any car subject to the provisions of this chapter not equipped with the appliances herein provided for, to-wit: . . . All cars must be equipped with secure sill steps and efficient hand brakes.''

■ The duty imposed upon the carrier by the Safety Appliance Act to equip its cars with efficient hand brakes is an unqualified, continuous, absolute and mandatory duty to maintain such brakes in a secure condition. [Philadelphia & R. Railroad Co. v. Esenhart, 280 Fed. 271, 276; Lehigh Valley Railroad Co. v. Howell, 6 Fed. (2d) 784; Minnesota & St. L. Railroad Co. v. Gotschall, 244 U. S. 66, 61 L. Ed. 95, and cases cited; San Antonio & A. P. Ry. Co. v. Wagner, 241 U. S. 476, 60 L. Ed. 1110.] The test of the observance of the duty imposed by the Safety Appliance Act is the performance of the appliance. ■ A failure of the appliance to work efficiently will sustain a charge that the act has been violated, and render the carrier liable for an injury which results from such failure. The question of negligence in the sense of want of care is not an issue in the case. Where an injury results from the inefficient operation of an appliance, whether or not such inefficiency was due to the negligence of the carrier is wholly immaterial. [Spokane & I. E. Railroad Co. v. Campbell, 241 U. S. 497, 60 L. Ed. 1125, 1134; Texas & Pacific Ry. v. Rigsby, 241 U. S. 33, 43; San Antonio Ry. v. Wagner, 241 U. S. 476, 484.] ■ It therefore follows that defendant's instructions three, four and five which placed the burden on plaintiff to prove, in addition to the inefficient operation of the hand brake, that such inefficiency was due to the negligence of defendant, were erroneous and prejudicial.

■ Contention is made that as the petition charges the defendant with negligence, it had a right to have the jury instructed that un-

less the negligence charged was proven by a preponderance of the evidence no case was made.

Clearly the petition charges a violation of the Safety Appliance Act. The fact that it also charges negligence may be disregarded as surplusage. It has been so held. [Callicotte v. Chicago, R. I. & P. Co., 274 Mo. 689, 204 S. W. 529, 530.]

■ The giving of defendant's instructions three, four and five warranted the court in setting aside the verdict and granting a new trial unless defendant's next contention that no case was made for the jury is well founded.

The freight train upon which Burten L. Henry was working as a brakeman was at Knightstown, Indiana, on the afternoon of July 16, 1927. The train crew of which Henry was a member was engaged in a switching movement at that time. The engine took three loaded cars from a passing track onto the main track, then shunted them southward on the main track for the purpose of attaching them to the train which was standing on the main track. Henry assisted in this movement by throwing the switch, then getting on the top of the rear or south car for the evident purpose of checking the speed of the three cars by application of the hand brake to prevent the three cars from striking the train with too much force. Embry, the engineer, testified that he saw Henry get on the three cars; that he did not know where he got on, but when he last saw him he was standing on the top of and near the middle of the rear or south car; that the brake was on the south end of this car; that the cars struck the standing train with sufficient force to attract his attention; that he said to the fireman, "There must be something wrong. Those cars hit just a little hard. Where is Burten?" He further testified, "I raised up out of the cab of the engine. I did not see him on top. I looked up the track and saw him there. I did not move and let the engine stand still, went to him. I was the first man to him." It further appears from the testimony of the engineer that he reached Burten within two minutes after he was injured and found his body lying between the rails with his legs over the west rail; that he lived about twenty minutes thereafter during fifteen minutes of which he was conscious; that "he was just going, 'Oh! Oh!'"

Witness Kelly testified that he saw Henry on top of the cars that had been taken from the passing track to the main track; that as the cars passed down the track he saw Henry turning on the brake wheel, evidently stopping, or trying to stop the car, and at that moment the cars disappeared from his view behind a factory building.

Witness Hall testified that he saw a cut of cars—three—gliding down the track; that he then looked over and saw a man lying on the track; that it was not more than two minutes from the time he

saw Henry on the track until he got there. He further testified, "He was lying with his head and the upper part of his body between the two rails of the main track, and the rest of his body was lying between the two tracks, and he was raising his head. And the engineer says, 'My God! what happened?' And he says, 'The brake chain broke.' . . . I left, I went on down the tracks, I had to go down the tracks to the crossing; and as he had told me the brake chain broke, I got down to the crossing, I stepped on down to the end of the car to see, and the brake chain was hanging down. I never examined it, nothing of the kind, but the chain was hanging down." He further testified that when he first saw Henry's body lying on the track, the last of the three cars was about a car length from his body.

McCoy, the conductor, was present where Henry was lying on the track. He testified:

"And I stepped down by him and asked him if he could tell me how it happened, and he told me in a mumbling way that something broke; he said brake chain, or something like that.

"Q. What was his language as near as you can remember    A. He said brake rod or brake chain?"

The evidence shows that the hand brake is tightened by turning the wheel on top of the car causing the chain to be tightened around the brake staff. It was also shown that if the brake chain was broken or disconnected, "it would throw your brake loose" and the chain would hang down.

The theory of plaintiff's case is that when Henry attempted to tighten the hand brake to slow up the speed of the cars, either the brake chain broke or the insecurity and inefficiency of the chain threw the brake loose and caused Henry to fall from the car. Evidence that Henry was seen on top of the south car turning the brake wheel as the cars drifted southward down the main track; that his body was seen lying between the rails of the track about a car length north of the three cars as they glided down the track; that Henry said the brake chain broke; that shortly thereafter the brake chain was hanging down, tends to support plaintiff's theory and made a case for the jury.

Witnesses for defendant testified that they inspected the brake chain, set and released the brake and found nothing wrong with it, but since plaintiff offered evidence tending to show inefficient operation of the hand brake, an issue of fact was raised, and the credibility of the witnesses and the weight and value to be given to their testimony were questions for the jury.

For reasons stated the judgment of the trial court setting aside the verdict and granting a new trial should be affirmed and the cause

remanded to the trial court. It is so ordered.  All concur, except *Hays, J.,* not sitting, because not a member of the court at the time cause was submitted.