FRANK DAVIS, Appellant, v. THE CHICAGO & EASTERN ILLINOIS RAILWAY COMPANY, a Corporation.—94 S. W. (2d) 370.

Division Two, April 23, 1936.

*Charles L. Moore, Charles P. Noell, Wm. C. McLaughlin* and *Wm. H. Allen* for appellant.

1250

*Jones, Hocker, Gladney & Jones, Sullivan, Reeder & Finley, Wm. O. Reeder* and *Ralph T. Finley* for respondent.

BOHLING, C.—Frank B. Davis obtained a verdict and judgment of $12,500 against The Chicago & Eastern Illinois Railway. Company,

a common carrier corporation engaged in interstate commerce, for personal injuries sustained by plaintiff by reason of the violation by defendant of the Federal statute known as the Boiler Inspection Act (45 U. S. C. A., sec. 23), and prosecutes this appeal from an order granting defendant a new trial.

In final analysis the main controversy revolves around the pleadings, and possibly the instructions, rather than the facts on the merits. Defendant makes no contention now that plaintiff failed to make a submissible case at common law under said Boiler Inspection Act. Therefore, but briefly of the facts:

Plaintiff was employed as a yard brakeman of defendant at West Frankfort, Illinois, and was injured about ten-twenty P. M. of that day, while engaged in the performance of his duties and standing on the front footboard of one of defendant's engines, by reason of a cinder about the size of a twenty-five cent piece, emitted from the smokestack of the engine and hitting on a step leading to the running board of the engine within a few inches and immediately below the level of plaintiff's eyes, bursting and striking both of plaintiff's eyes, resulting in blinding his left eye and injuring his right eye. There was substantial evidence to the effect that the emission of cinders of the size of a twenty-five cent piece showed the equipment of the engine not to be in proper condition within the provisions of said Section 23 of said Boiler Inspection Act.

■ . The litigants admit that plaintiff's petition (consisting of but one count) charges a violation of said Section 23 of said Boiler Inspection Act and that the injury occurred while defendant was engaged, and while plaintiff was employed by it, in interstate commerce, bringing the paper stated case within the Federal Employers' Liability Act (45 U. S. C. A., secs. 51-59). It reads, after alleging defendant to be a common carrier, in this respect: "... and plaintiff states that on the 27th day of January, 1931, while the defendant was engaged in commerce between two or more of the several States of the United States, and he was employed by defendant in such commerce, he was severely and permanently injured. ..." And so stands the petition upon this appeal. Defendant's answer put in issue the allegations as to interstate commerce. Plaintiff readily admits the undisputed evidence establishes that, at the time plaintiff was injured, the engine in question was engaged in making an intrastate movement, and that plaintiff was not engaged at that time in interstate commerce.

With the allegation that the injury occurred while plaintiff was employed in interstate commerce, plaintiff's petition stated a good cause of action under the Federal law; with it eliminated, a good cause of action would have been stated under the common law. Passing unquestioned issues, the *quaere* is: May plaintiff, whose petition sets up a cause of action under the Federal Employers' Liability Act,

1252

upon the undisputed evidence establishing that at the time of the injury plaintiff was engaged in intrastate commerce, shift his position and recover under the common law of the State (that is, change his position from law to law), without amending his petition by striking therefrom the allegations with reference to plaintiff's being engaged in interstate commerce, in the face of a demurrer filed at the close of the evidence by defendant; and, if so, under what circumstances should such shifting from law to law be upheld. The following cases bear on the issue.

In Hilderbrand v. St. Louis-San Francisco Ry. Co., 220 Mo. App. 1229, 1236, 298 S. W. 1069, 1071(5), ". . . the allegations of the petition were broad enough to include the hypothesis that defendant was engaged also in intrastate commerce;" and it appearing "that the allegation in the petition respecting interstate commerce *was treated* by the court and *by both parties* either as mere surplusage or as having been eliminated" (italics ours), the St. Louis Court of Appeals, giving effect to the rules of local practice, upheld plaintiff's shifting from the Federal law to the common law without any amendment of the petition being sought or demanded by either party. The petition in the instant case specifically charges that at the time plaintiff was injured he was employed in interstate commerce, and nowhere in said petition, although it is broad enough, as in the Hilderbrand case, to hypothesize that defendant was also engaged in intrastate commerce, is there any specific allegation from which it might be inferred that at the time of plaintiff's injury *he* was engaged in any commerce other than the interstate service rendered by defendant. But, be that as it may.

In Sullivan v. St. Louis-S. F. Ry. Co., 321 Mo. 697, 705, 12 S. W. (2d) 735, 737(2), plaintiff amended his petition during the progress of the trial by striking out the averments as to his interstate employment, and this changing of the basis of recovery from the Federal to the State law was upheld against defendant's contention the amendment changed the whole cause of action. In that case the amendment did not have any effect on the defense.

In Wabash Railroad Co. v. Hayes, 234 U. S. 86, 89, 34 Sup. Ct. 729, 58 L. Ed. 1226, a case arising in Illinois, upon the proof failing to show that the injury occurred in interstate commerce, the court, *at the defendant's request*, instructed the jury that the Federal Employers' Liability Act had no application to the case; treated, over defendant's objection, the allegation respecting interstate commerce as eliminated, and, giving effect to a rule of local practice, submitted the case under the common law of the State. The Hayes case is quoted and others are referred to in the Sullivan case, supra.

In Jarvis v. Chicago, B. & Q. Railroad Co., 327 Mo. 428, 433, 37 S. W. (2d) 602, 603(2), plaintiff predicated his right to recover on the ground he was employed in interstate commerce at the time of

the injury, and defendant pleaded that neither plaintiff nor defendant was engaged in interstate commerce at the time of plaintiff's injury and the Workmen's Compensation Act of the State of Illinois as defenses. That case was pleaded, tried and submitted under the Federal Employers' Liability Act; and the action of the trial court in striking, upon motion, the allegations setting up said Workmen's Compensation Act from defendant's answer was upheld, because said act constituted no defense to a cause of action clearly pleaded as arising under the Federal Employers' Liability Act and not otherwise. [See, also, Carter v. St. Louis, T. & E. Railroad Co., 307 Mo. 595, 606, 271 S. W. 358, 360(8).]

Although the allegation that plaintiff was employed at the time of his injury in interstate commerce *may be stricken* from the petition upon leave granted (as in the Sullivan case, supra, under certain conditions) or *treated* by the parties (as in the Hilderbrand case, supra) as surplusage and eliminated from the case, the allegation is not surplusage within the general legal acceptance of that term as applied to pleadings; that is, where a petition, stating a good cause of action (for instance, statutory negligence and/or ordinance negligence) makes unnecessary averments stating an additional cause of action (for instance, common-law negligence) or other unnecessary facts, if the pleader establishes facts sufficient to make a case he need not establish each of the several alleged grounds for recovery or the unnecessarily alleged facts as was the situation in the following cases: Callicotte v. Rock Island Ry. Co. (en banc), 274 Mo. 689, 693(3), 204 S. W. 529, 530(4); Henry v. Cleveland, C. C. & St. L. Ry. Co., 332 Mo. 1072, 1076(4), 61 S. W. (2d) 340, 341(4); Noel v. Chicago & E. I. Ry. Co. (Mo. App.), 21 S. W. (2d) 937, 943(12) and cases there cited—cited by plaintiff here. ■ The allegation and its proof are material and essential to a statement of a cause of action and recovery under the Federal Employers' Liability Act [Midwest Nat. Bk. & Trs. Co. v. Davis, 288 Mo. 536, 574(2), 233 S. W. 406, 408(3)]. The allegation distinguishes the cause of action from one at common law [the Jarvis, Hayes, Sullivan and Hildebrand cases, supra]., and may preclude a defendant from asserting certain defenses to the cause of action otherwise available under the common or statutory law of the State governing plaintiff's cause of action. We know [Davis v. McColl, 179 Mo. App. 198, 204, 166 S. W. 1113, 1115(8); Wentz v. Chicago, B. & Q. Railroad Co., 259 Mo. 450, 463, 168 S. W. 1166, 1170(5)], for instance, the defense of contributory negligence is not available to a defendant under a petition seeking recovery under the Federal Employers' Liability Act to the same extent it might have been available had the cause of action been stated under the common law of this State. [The Carter case, supra; Gerahty v. Lehigh Valley Railroad Co., 70 Fed. (2d) 300, 304(12).] Thus, the allegation was not only material to plaintiff's cause of action but was a material

averment precluding the presentation of defenses available in an action under the common law. [The Jarvis case, supra, fully demonstrates its effectiveness against the defense of a Workmen's Compensation Act.] What the United States Supreme Court said in the concluding paragraph of the Hayes case, supra, 234 U. S. 1. c. 91, is worthy of note: "As it is not claimed that by reason of the shifting from one law to the other the defendant was cut off from presenting any defense which was open only under the latter, or that the course taken by the plaintiff deprived the defendant of a right of removal otherwise existing, we intimate no opinion in either connection."

■ Where (as in the Hildebrand case, supra) both parties (and the court) treat an allegation as surplusage and as eliminated, the unsuccessful litigant becomes bound by the course pursued, thereby waiving his right to insist upon, and becoming estopped from asserting, the materiality of the allegation to defeat the judgment. [Flint v. Sebastain, 317 Mo. 1344, 1362(2), 300 S. W. 798, 805(5); Bragg v. Metropolitan St. Ry. Co., 192 Mo. 331, 356, 91 S. W. 527, 534; and see Twentieth Century Mch. Co. v. Excelsior Springs Min. W. & B. Co., 273 Mo. 142, 148(2), 200 S. W. 1079, 1080(4).] But, where a defendant does not voluntarily join in plaintiff's theory of the case and tenders such defenses as he may have, he is not estopped to assert, nor does he waive, his rights [Kenefick-Hammond Co. v. Norwich Union F. Ins. Co., 205 Mo. 294, 307 (I, a, b, c), 103 S. W. 957, 960(1), and cases cited; Donnell v. Wright, 147 Mo. 639, 648(2), 49 S. W. 874, 876(2); Mount Vernon Car Mfg. Co. v. Hirsch Rolling M. Co., 285 Mo. 669, 694(III), 227 S. W. 67, 74(III)]. The Keneflick-Hammon Company case (205 Mo. 1. c. 310) states: "He who fights and runs away from a position taken on his answer and at the trial, because *driven* away by the court, may live to fight another day on appeal [or in the trial court on motion for new trial] in the same position, if he marked the spot by an exception; but he who is in battle slain—that is, who selected his place voluntarily, and who legally (speaking in figure) dies in his tracks on his selected theory, can fight no more on appeal [or in the trial court], because: . . . once fairly dead, always dead."

■ In the instant case the new trial was awarded because of error in overruling defendant's demurrer to the evidence. How then stood the case? Plaintiff's petition and defendant's answer put in issue plaintiff's employment in interstate commerce at the time of the injury. The undisputed evidence showed that plaintiff was engaged at that time in intrastate commerce. Plaintiff seeks to avoid this failure of proof upon the claim he abandoned said allegation during the progress of the trial. Plaintiff's counsel stated during the examination of witnesses that: "We do not plead interstate [commerce], anyhow." "Interstate commerce has nothing to do with this case other than if the engine was used in interstate traffic, and that is all I want

to know." We deem what plaintiff stated orally not controlling. Without the petition being amended, what defendant did should control. Nor do we agree with learned counsel for plaintiff that the fact defendant's counsel showed on cross-examination of plaintiff's witnesses (defendant's employees) and on direct examination of his own witnesses that the engine was engaged in intrastate commerce at the time of plaintiff's injury to be unimportant. It established defendant's defense to plaintiff's stated case; and we find no action of defendant in the record, up to the time of the ruling on defendant's demurrer to the evidence, establishing a voluntary joinder with plaintiff in the elimination of the tendered issue that plaintiff was injured while employed in interstate commerce. Therefore, we hold defendant entitled to have the demurrer ruled in the light of the pleadings and the case made as it existed when the issue on the demurrer was tendered. In Jarvis v. Chicago, B. & Q. Railroad Co., supra, 327 Mo. l. c. 440, 37 S. W. (2d) l. c. 607(10), although the case was pleaded, tried and submitted under the Federal Employers' Liability Act, Division One of this court, in ruling defendant's demurrer, stated: "Having pleaded his cause of action as arising under the Federal Employers' Liability Act the burden was upon plaintiff to prove that he was employed in interstate commerce at the time he was injured. . . . We conclude from a careful study of the record before us that this proof was not made either on plaintiff's evidence or on the whole case, and defendant's requested instructions in the nature of demurrers to the evidence should have been given." The law stated in the Hilderbrand case, supra, is correct; but if from the facts there set forth a different conclusion than herein reached is to be inferred, that case should be no longer followed.

There is a distinction, amounting to a difference, in the position occupied by a plaintiff and a defendant in a lawsuit. The plaintiff chooses the battle field (here—the Federal Employers' Liability Act), and forces defendant into conflict upon that field. Should defendant have attempted in the instant case to shift the scene of the conflict to the common law, and asserted defenses there, but not otherwise, available, under the Carter and Jarvis cases, supra, the trial court would have parried the thrust. Under such circumstances, a plaintiff is in no position to successfully complain if a defendant accepts his written pleadings and engages in combat on the field of plaintiff's choice; at least until such time as plaintiff, upon leave, amends his pleading (as in the Sullivan case, supra) and forces defendant to join issue on a new front where defendant may assert new and different defenses, if available; or until (as in the Hilderbrand case, supra) defendant by his acts and conduct clearly shifts, with plaintiff, the field of battle without an amendment of the pleadings. The injustice of a less stringent rule is evidenced by plaintiff's insistence upon this appeal that since defendant did not plead or attempt to plead the Work-

men's Compensation Act of the State of Illinois this court may not take judicial cognizance of the existence of said act and base any ruling in defendant's favor upon the theory of defendant being deprived of said defense had plaintiff's action been at common law. We think, given a situation where neither party voluntarily acquiesces in the other's shifting of the issue from law to law, then if, upon appeal, defendant is to be held to its stated paper case below, the same reasoning requires plaintiff to be held to his stated paper case. The fundamental requirement of good pleading is to definitely tender, in plain and concise language, the real issues existing between the litigants that they may be apprised of the nature and kind of proof required, on the one hand, to establish, and, on the other, to refute the issues so tendered in the written pleadings [Mark v. Williams Cooperage Co., 204 Mo. 242, 261(1), 103 S. W. 20, 24(1); Huston v. Tyler, 140 Mo. 252, 264, 36 S. W. 654, 656]. This is in accord with our code of civil procedure.

Plaintiff's contention would permit a litigant to amend a pleading *ore tenus* or *viva voce*. This method of pleading was permissible under the very old common law [3 Blackstone* 293]; but our code contemplates pleadings shall be in writing and signed [Sec. 792, R. S. 1929, Mo. Stat. Ann., p. 1043]. The Kansas City Court of Appeals, in Texas Empire Pipe Line Co. v. Stewart (Mo. App.), 35 S. W. (2d) 627, 632(11), ruled a petition may not be amended orally. "No allegation shall be made in a pleading which the law does not require to be proved . . ." [Sec. 783, R. S. 1929, Mo. Stat. Ann., p. 1037, for, among other possible reasons, the prevention of deception], and irrelevant matter may be stricken out on motion [Sec. 785, R. S. 1929, Mo. Stat. Ann., p. 1039]. It is difficult, no matter how great the desire, to conceive of an attorney for a defendant asking a court to strike an allegation essential to the designation of the law under which plaintiff seeks a recovery. Although a pleading may be amended to conform with the facts proved, such an amendment, under the statute, is allowable only when the amendment *"does not change* substantially *the* claim or *defense"* [Sec. 819, R. S. 1929, Mo. Stat. Ann., p. 1077]. The provisions of our code are to be so construed "as to discourage, *as far as possible*, negligence and deceit, . . . to secure parties from being misled, to place the party not in fault as nearly as possible in the same condition he would be in if no mistake had been made, . . . and to afford known, fixed and certain requisitions in place of the discretion of the court or judge thereof" [Sec. 836, R. S. 1929, Mo. Stat. Ann., p. 1108]. The term "courts of record" imports a record, and nowhere is the making of a record more appropriate than in the framing of the issues. Courts of justice, as contemplated by our code, should encourage the frank, open and definite presentation of the real issues by pleadings signed by the parties or their attorneys and should discourage the ambushing of

litigants by loose pleading (be it oral or otherwise) permitting of a recovery under a law not declared upon in the stated paper case; unless the adversary voluntarily join in such procedure.

In the instant case, plaintiff had control of the situation. If the pleader entertained doubt of his ability to prove the allegations essential to a recovery under the Federal Employers' Liability Act, a second count seeking recovery under the common law would have been proper [Miller v. Schaff (Mo.), 228 S. W. 488, 489(1); Milburn v. Chicago, M. & St. P. Railroad Co., 331 Mo. 1171, 1196, 56 S. W. (2d) 80, 91(11)] and the issues could have been submitted to the jury on both counts if the evidence was conflicting or on one or the other of the counts if the evidence tended to establish but one of the counts [the Miller case, supra]; or upon amendment by striking the allegation in question from the petition he could have forced defendant to battle and submitted the issues under the common law [the Sullivan case, supra]; unless, of course, plaintiff was not entitled to maintain the action.

Under the view we entertain of the case, we deem it unnecessary to rule the other issues presented.

It follows that the action of the trial court in awarding a new trial should be affirmed. It is so ordered. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.