Wernell **LINNEMAN** and Ruth H. Linneman, Plaintiffs-Respondents,

v.

Melvin **WHITLEY** and Juanita Whitley, Defendants-Appellants.

No. 24332.

Kansas City Court of Appeals.

Missouri.

April 4, 1966.

Wm. B. Nivert, Jr., Glasgow, Raymond C. Lewis, Jr., Columbia, for appellant.

James J. Wheeler, Keytesville, for respondent.

BROADDUS, Special Commissioner.

This is an appeal from the order of the trial court refusing to set aside a default judgment.

Respondents, as plaintiffs, filed a petition in the Circuit Court of Chariton County against appellants as defendants. The petition was in two counts. The first count alleged that defendants were the owners of a tract of land in Chariton County containing 120 acres; that defendants had employed the United Farm Agency to act as their agent in selling said premises, and had authorized said agency or its representatives to make a binding contract in the name of defendants; that on July 25, 1962, the defendants, through their agent, offered the premises for sale to plaintiffs for the sum of $26,500, and plaintiffs agreed to purchase the same for this sum; that the parties entered into a written agreement of sale, and, upon the signing of said contract, plaintiffs paid to the United Farm Agency, as agent for defendants, the sum of $2,650, which was to be applied to the purchase price; that plaintiffs have always been ready, willing and able to fulfill said agreement; that they have tendered the balance of the purchase price to defendants but that defendants have refused to execute and deliver a proper warranty deed conveying said premises to plaintiffs. The prayer of this count was for specific performance.

For the second count of their petition plaintiffs adopted the allegations contained in Count I and allege that by reason of the failure of defendants to perform their part of the agreement plaintiffs were entitled to recover the sum of $2,650 from defendants.

Appellants filed an answer which was a general denial. Thereafter, on appellants application for a change of venue the cause was transferred to the Circuit Court of Linn County.

The record shows that on May 1, 1964, the trial court entered an order setting the case for trial on September 14, 1964. It also shows that by letter dated May 22, 1964, the trial court notified the attorneys for all parties of the date the cause was set for trial.

The record further shows that on September 14, 1964, the plaintiffs appeared and answered ready for trial but that the defendants defaulted. Evidence was offered by the plaintiffs and the court found the issues for defendants on the first count (specific performance) but entered a judgment against both defendants on the second count in the sum of $2,650.

The evidence offered at the default hearing consisted of testimony of both of the plaintiffs and of Wallace Enyeart, a representative of the United Farm Agency. According to this testimony, the appellants employed Mr. Enyeart during June 1962, by written agreement to sell the farm that is the subject of this lawsuit, and that in accordance with his employment agreement Mr. Enyeart obtained the respondents as buyers for said farm for the sum of $26,500. Thereafter a written contract for the sale of the real estate was entered into between the respondents and the appellant Melvin Whitley. At the time this contract was executed respondents paid Mr. Enyeart the sum of $2,650. At the time of the hearing the defendants-appellants were still in possession of the farm. And the deposit of $2,650 had not been returned to plaintiffs-respondents.

On September 21, 1964, the defendants filed a motion to set aside the default judg-

ment. This verified motion asked for vacation of the default judgment for the reason that neither the defendants nor their attorney had any notice of the trial setting. On April 12, 1965, the trial court heard and overruled the motion, and on April 21, 1965, defendants filed their notice of appeal.

On August 9, 1965, appellants' present counsel were employed and they discovered that the time for filing a transcript had expired and many of the facts concerning appellants' prior attorney were not of record. Appellants' present counsel immediately filed a motion in this court asking permission to file the transcript and to allow the filing of affidavits. The motion alleged, among other things, that appellants had employed their former attorney believing him to be a person of professional ability and integrity and without any reason to believe that he would not properly represent them; that they had never been notified that their case was to be heard on September 14, 1964; that their former attorney had become engaged in criminal activities at the time the case was set for trial and was arrested on the following day. The motion asserted that the conduct of the former attorney constituted an abandonment entitling appellants to vacation of the default judgment and that they should be entitled to file affidavits to establish these facts. On September 1, 1965, this court sustained appellants' motion to the extent of the allowing the filing of the transcript but denied appellants leave to file the tendered affidavits.

In fairness to appellants' present counsel it should be made clear that they had no relationship with this case or with the appellants prior to their employment in August, 1965, and in particular have had no relationship whatever with appellants' former attorney.

Appellants contend that this court should reconsider its ruling of September 1, 1965, and accept and consider the affidavits tendered by appellants, and set aside the de-fault judgment in the interest of equity and justice.

In the case of Dennison v. City of Kansas, 95 Mo. 416, 8 S.W. 429, the court was asked to consider certain affidavits which were filed in the Supreme Court after the cause was transferred to it by appeal. The court declined to do so saying: "Our rule and duty are to determine a cause upon the record as it comes to us from the trial court."

In the case of Callicotte v. Chicago R. I. P. Ry. Co., 274 Mo. 689, 204 S.W. 529, the Supreme Court said: "Unfortunately for appellant, we are restricted to the record in the case as made at the trial." To the same effect is the holding of the court in the case of Linn County Bank v. Clifton, 263 Mo. 200, 172 S.W. 388.

In view of the above holdings, which we are bound to follow, we cannot consider the tendered affidavits. According to the record as made in the trial court appellants' then counsel had notice of the setting for trial of the case. His negligence in permitting the default judgment to be entered is imputable to the appellants. Edwards v. Rovin, 322 S.W.2d 139, Mo.App.

The record discloses another reason why we should not disturb the ruling of the trial court. Appellants' motion to set aside the judgment did not allege that they have a good defense. It is well settled that a court will not set aside a judgment unless the defendant shall allege and present prima facie proof that he has a meritorious defense to the action. Evans v. Buente, 284 S.W.2d 543, 547, Mo.App.

The contention is also made that the trial court erred in rendering judgment against appellant Juanita Whitley for the reason it appears that she did not execute the final contract and that "even though this appeal is from an order refusing to set aside a default judgment, this court should nevertheless consider this point under the doctrine of plain error."

The written agreement between the United Farm Agency and appellants contained this language: "I employ you to procure a purchaser ready, willing and able to buy said property at the price and terms stated on lines 72 through 75 of page 2 of this agreement, and authorize you, or your representative, to make in my name a binding contract for the sale of same in accordance with said price and terms, and to accept and give receipts for any money or deposits received in connection with such contract of sale."

 Mrs. Whitley signed this listing agreement, and her agent, acting in her behalf, entered into a contract for the sale of the farm, as he had been authorized to do. He accepted, and still held, a down payment for the farm. There was no plea of the statute of frauds, which is an affirmative defense. Sect. 509.090 V.A.M.S., Sup.Ct. Rule 55.10, V.A.M.R. The contention lacks merit.

The trial court's order should be affirmed. Your Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the court, and the order of the trial court refusing to set aside the default judgment is affirmed.

All concur.