In re the ESTATE OF Woodburn Henry McCAHON, Deceased.

An Thi McCAHON, Appellant,

v.

Esther HANNA, Personal Representative of the Estate of Woodburn Henry McCahon, Scott Tinsley, Guardian Ad Litem for Chew Ling McCahon, Sam Woodburn McCahon, Rose Marie Miller, and Wilma Sue Conover, Respondents.

No. 14767.

Missouri Court of Appeals, Southern District, Division One.

May 6, 1987.

Kevin Hays Dunaway, Neale, Newman, Bradshaw & Freeman, Springfield, for appellant.

Richard E. Dorr, Dorr & Baird, P.C., Springfield, for respondent Wilma Sue Conover.

GREENE, Presiding Judge.

Appellant, An Thi McCahon, appeals from that portion of the trial court's decree adjudicating Wilma Sue Conover to be the natural daughter of Woodburn Henry McCahon, deceased. An Thi contends, among other things, that such conclusion is not supported by substantial evidence, and is, therefore, violative of the mandate of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We agree, and reverse and remand.

Woodburn McCahon died on November 30, 1984. He had been married three times, but was single at the time of death. His marriage to Eulah Marie McCahon produced two acknowledged children, Rose Marie McCahon, now Miller, and Sam Woodburn McCahon. Chew Ling McCahon, a minor child, was born of Woodburn's marriage to a Taiwanese female whose name is not disclosed in the record and whose whereabouts are unknown. Mary Ann McCahon and Betty Jean McCahon, both minors at time of trial, were born of his marriage to An Thi.

The marriage of Woodburn and An Thi was dissolved on October 19, 1984. The decree provided, among other things, that the farm home of the parties and certain personal property were marital property and were incapable of being divided in kind. It ordered that such property be sold at public auction and the proceeds, after the expenses of sale and certain debts of the parties were deducted, were to be divided equally between Woodburn and An Thi. The date of the sale was set for November 30, 1984.

On the day of the scheduled sale, before the sale commenced, the house was totally destroyed by fire. Woodburn perished in the blaze. The home and its contents were insured against loss by fire for the sums of $20,000 on the house and $10,000 on the contents. Woodburn was the payee under the terms of the policy. In addition, Woodburn had $30,000 worth of life insurance, with the proceeds payable to his surviving children.

An estate was opened in the probate court of Webster County, with Esther Hanna being appointed as personal representative. Various claims were filed against the estate, some of which claimed a portion of the insurance proceeds. An Thi contended she was entitled to one-half of the fire insurance money because of the terms of the dissolution decree, and that her children were entitled to their proportionate share of the life insurance money. Other claimants argued that the fire insurance proceeds should go to the estate of Woodburn, rather than An Thi. Farm Bureau Town and Country Insurance Company of Missouri brought an action against An Thi and other claimants seeking to determine the ownership of the fire insurance funds. Wilma Sue Conover also petitioned to be declared a natural child of Woodburn and, as such, to be entitled to a child's share of Woodburn's estate.

In an attempt to settle and compromise their differences, the individuals involved, on September 12, 1985, entered into a settlement agreement. Parties to the agree-

ment were Esther Hanna, as personal representative of Woodburn's estate, An Thi McCahon, individually and as parent and natural guardian of her two minor children, Mary Ann McCahon and Betty Jean McCahon, Chew Ling McCahon, who could not be located, by her court appointed guardian, Scott Tinsley, and individuals Sam Woodburn McCahon, Rose Marie Miller, and Wilma Conover. The agreement would have divided the proceeds of the fire insurance policy on the following basis: $20,000 to the estate, and $10,000 to An Thi. The agreement also originally provided that the estate pay to each of the adult children of Woodburn who were named in the agreement as Sam Woodburn McCahon, Rose Marie Miller, and Wilma Conover, the sum of $5,000, and that each of the six children of Woodburn (adult and minors) receive equal shares of the proceeds of the life insurance policies. Since Chew Ling could not be located, her share was to be held in trust, with the proviso that if she was not found by December 31, 1986, her share would be distributed to the other children under a formula set out in the agreement. An Thi objected to the use of the term "adult children," as that term was applied to Wilma Conover, and refused to sign the agreement unless the words "adult children" be changed to the word "beneficiaries" wherever that term appeared in the agreement.

This was done, and the agreement was signed by Esther Hanna, Scott Tinsley, Sam McCahon, Wilma Conover, Rose Miller, and An Thi McCahon, individually and in her capacity as guardian of her two minor children. As amended, the agreement provided for the dismissal of the various claims the parties had against the estate. The agreement was then presented to the judge having jurisdiction over the various proceedings, which had been consolidated into one action.

A hearing was held on September 12, 1985. The record of the hearing, as it was deemed, is meager. There was no testimony presented and no documents offered on the record for consideration by the court, other than the amended agreement. The transcript consists of 19 pages of state-

ments by attorneys of some of the parties identifying who they represented, what the money distributions were to be, and to whom. When the attorneys finished their comments, the trial judge, in reference to the settlement agreement said, "To those of you who have reached an agreement, the Court is approving that." There is nothing in the settlement agreement, as amended, or in the transcript of the hearing, that even remotely suggests that An Thi McCahon, or for that matter anyone else, agreed that Wilma Conover was a natural child and heir of Woodburn Henry McCahon.

On December 20, 1985, the trial court entered a decree consisting of 12 typewritten pages. In the decree, the trial court found the settlement agreement to be just and reasonable to all parties, and that it was "dispositive of all of the issues among and between said parties which are now pending before this court." The decree refers to Wilma Sue Conover as a daughter of Woodburn Henry McCahon, and specifically found, in paragraph 3 of the decree, as follows:

In consideration of the evidence before the Court, including the paternity test of Thomas L. Thombridge, M.D., dated December 14, 1984, and the Agreement of the parties, the Court hereby finds that Wilma Sue Conover is the natural daughter of Woodburn Henry McCahon. The Court hereby finds in favor of Wilma Sue Conover on her Petition to establish that she is the natural daughter and an heir at law of Woodburn Henry McCahon. Included within this Court's finding in paragraph 2 above, is the finding that the decedent died intestate leaving property subject to probate administration in this county. In light of the Agreement, the Court overrules that part of Wilma Sue Conover's Petition seeking a distribution of a portion of the Estate in accordance with law as her distribution from the estate shall be determined in accordance with the Agreement.

The decree then ordered certain cash payments to Wilma Sue Conover, as well as to other parties to the dispute, awarded certain items of personal property to various

parties, dismissed various actions filed in connection with the disputes, and made other findings, conclusions and entries not relevant here.

An Thi appeals from that portion of the decree adjudicating paternity of Wilma Sue Conover. We first address the contention of the attorneys for Ms. Conover that An Thi has no standing to raise that issue in that she is not an aggrieved party.

■ Section 512.020, RSMo 1978, states that the right to appeal is vested in "any party to a suit aggrieved by any final judgment." An Thi was a party to the suit, not only as an individual but also because of her two children who are heirs of Woodburn Henry McCahon. The children's interest in the estate would be diminished if additional persons were declared to be heirs by the court.

Although the notice of appeal does not specifically state that An Thi is appealing as the guardian of the two children, it does not foreclose that conclusion. When you couple that with the fact that in all of the pleadings, and on all documents to which she was a signatory, her interest as guardian of her children clearly appears, it is inconceivable that the appeal was brought by her individually, since she is not affected financially, as an individual, by the decree. We consider the appeal as properly brought by An Thi McCahon in her capacity as guardian of Mary Ann McCahon and Betty Jean McCahon.

■ Since this was a court-tried case, our standard of review is limited to a consideration of whether the trial court's decree is supported by substantial evidence, is not against the weight of the evidence, and is not based on any erroneous declaration or application of law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ An Thi contends there is no substantial evidence to support that portion of the decree that concludes that Wilma Sue Conover is a natural child and heir of Woodburn Henry McCahon. A review of the record indicates that there is *no* evidence to support or deny such conclusion. The signed settlement agreement of the parties that was before the trial court does not contain such a conclusion, and there was no other evidence presented.

The attorneys for Wilma Sue Conover, on appeal, evidently recognizing this glaring lack of proof, have attempted to improve their position here by filing a "supplemental record on appeal" which includes a copy of a pathologist's report concluding that on the basis of blood tests that had been made there was a "calculated probability" of 98.9 percent that Woodburn McCahon was the father of Wilma Sue Conover, and that paternity was "almost certain." It also contains an affidavit of the trial judge concerning matters that occurred in the courtroom during the hearing concerning the trial judge's discussions with Ms. Conover's attorney, which discussions he evidently used as a basis of his finding of paternity.

■ Discussions with counsel during a trial do not constitute evidence, unless they result in admissions by counsel which are binding on his client, which is not the case here. In addition, the after-the-fact affidavit of the trial judge, and other extraneous writings such as affidavits of some of the attorneys in the case, are not properly part of the record and cannot be considered by us as supplying the necessary elements of proof. *See Linneman v. Whitley*, 402 S.W.2d 76, 78 (Mo.App.1966).

The judgment and decree of the trial court is reversed for the reasons stated, and the cause is remanded for further proceedings consistent with this opinion.

Wilma Sue Conover's motion for damages for frivolous appeal is denied.

CROW, C.J., and HOLSTEIN, J., concur.