## ARCHIBALD W. JAGGARD, Appellant, v. METROPOLITAN STREET RAILWAY COMPANY.

Division One, March 2, 1915.

1. NEGLIGENCE: Speed of Car: Before Discovery of Traveler At Street Crossing: Humanitarian Rule: Instruction: Plaintiff's Own Theory. Where the petition pleads neither an ordinance restricting the speed of the street car, nor that the actual speed of the car which struck plaintiff's wagon at a street crossing was negligent at common law, but founds the cause of action solely upon the humanitarian doctrine, an instruction for defendant which tells the jury that unless, *after* the motorman saw, or by the exercise of ordinary care could have seen, that the wagon in which plaintiff was riding was going to cross the track in front of the car so as to be in danger of being struck by said car, he did not exercise ordinary care to stop the car and avoid the collision, *then* the verdict must be for defendant, is not erroneous, if, on the theory of liability, it is in every respect equivalent to plaintiff's instruction given. The two instructions being substantially the same, defendant's is not reversible error on the theory that it eliminates the speed of the car prior to the time the motorman saw or might have seen the wagon on the track. Nor are the words "after" and "then" objectionable.

2. ARGUMENT TO JURY. It is not error, in argument to the jury, to draw reasonable conclusions from the evidence. It is not error for defendant's counsel to call the jury's attention to the fact that plaintiff testified that, as he was about to cross the

street car track in a wagon, he looked and saw the approaching car as soon as he could, and draw from that testimony the conclusion that the motorman could not have seen plaintiff's wagon any sooner than plaintiff could have seen the car, and that consequently the motorman was not guilty of negligence, if after he discovered plaintiff's peril he used all diligence to avert a collision.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*Gage, Ladd & Small* for appellant.

(1) Counsel for defendant, in spite of objection by plaintiff, was permitted to make improper remarks in his argument to the jury. This was error. Nephler v. Woodward, 200 Mo. 187; Allen v. Lumber Co., 171 Mo. App. 506; Cain v. Wintersteen, 144 Mo. App. 5; Ramp v. Railroad, 133 Mo. App. 704; Allen v. Transit Co., 183 Mo. 423; Benjamin v. Railroad, 245 Mo. 614; Hudson v. Railroad, 101 Mo. 30; Collett v. Kuhlman, 243 Mo. 591; White v. United Railways, 250 Mo. 476. (2) Defendant's instruction number 4 was error.

*John H. Lucas, W. H. H. Piatt* and *Thomas R. Marks* for respondent.

Appellant cannot complain of respondent's instruction number 4. The instruction is more onerous upon respondent than the law requires, but it follows appellant's instruction number 1. The criticism of the instruction by appellant is, in last analysis, an attempt to submit in this court an issue or charge of negligence not submitted in the trial court nor alleged in the petition, viz., negligence in running the car at a rate of speed in excess of the rate prescribed by city ordinance. Negligence in this respect was abandoned by plaintiff when he submitted the case under the last

chance rule and moreover the appellant saw the car coming and knew the dangerous and excessive speed at which it was running and that same was in violation of the ordinance. Under such circumstances he has no case. Schmidt v. Railroad, 191 Mo. 215; Roenfeldt v. Railroad, 180 Mo. 566.

BLAIR, J.—The judgment appealed from was rendered on a verdict for defendant in an action for damages for injuries plaintiff alleges he received when a wagon in which he was riding was struck at a street crossing by defendant's car.

In substance, the petition charges defendant's employees negligently ran the car against the wagon in which plaintiff was riding and that such employees discovered or, in the exercise of ordinary care, could have discovered plaintiff's peril in time to have stopped the car and to have averted the danger but negligently failed to do so, etc.

The collision occurred at the point at which the Nineteenth street car line crosses Cherry street. The wagon was being driven by an employee of plaintiff and proceeded along Cherry street and thence into Nineteenth street and upon the crossing and was struck.

The evidence varied as to the distance the car was west of the crossing at the moment the wagon first could have been seen by the motorman. The evidence as to the speed of the car was conflicting, estimates ranging from fifteen to twenty-five or more miles per hour. Plaintiff testified he saw the car before the wagon reached the track, and testified it was approaching with great rapidity, using a profane but striking hyperbole to indicate its speed. There was also a conflict of evidence on the questions whether the motorman made sufficient effort to stop the car and whether it could have been stopped at all after he saw plaintiff's peril and before the collision occurred.

Three instructions were given at plaintiff's request. The second defined ordinary care, and the third dealt with the measure of damages. The first stated the motorman's duty to keep a vigilant watch, and proceeded:

"If, therefore, you believe from the evidence that the plaintiff was, at the time and place in question, in a position of imminent peril of being struck by the car mentioned in the evidence by reason of the fact that the team or the wagon attached thereto in which he was riding was upon the railroad track or upon Nineteenth street and approaching the track upon which said car was running and that the motorman saw him or said wagon and the persons therein, in such position of danger, if any, or by the exercise of ordinary care could have so seen it or them in time to have slackened the speed of said car or to have stopped the same by the exercise of ordinary care and thus have avoided striking the wagon and injuring the plaintiff, but negligently and carelessly failed to do so, and if you further believe from the evidence that by reason of the foregoing careless and negligent acts of the said motorman, if you find them to have been careless and negligent, the wagon in which plaintiff was riding was struck and plaintiff was thrown out of the same and injured, then your verdict must be for the plaintiff, even although you may also believe and find from the evidence that the plaintiff or his driver, or both of them, were guilty of negligence contributing to the plaintiff's injuries, by negligently driving said wagon or causing the same to be driven upon said track, in dangerous proximity to the street car mentioned in the evidence, at said crossing of Cherry and Nineteenth streets."

Among the instructions given at defendant's instance was the following:

"4. The court instructs the jury that unless you find and believe from the evidence that after the mo-

torman saw, or by the exercise of ordinary care could have seen, that the wagon in which plaintiff was riding was going to cross the track in front of the car so as to be in danger of being struck by said car, he did not then exercise ordinary care to stop his car or to avoid the collision, then your verdict will be for the defendant.''

During the argument the following occurred: Mr. Piatt made the following remarks:

''I don't believe the plaintiff is entitled to recover. I believe that the plaintiff's own statement of the case. entitles this company to a verdict at your hands. He tells you that he looked out there and saw the car— that he looked and saw it just as soon as he could; and I say that there is no law, written or unwritten, that presumes that the motorman could have seen him or ought to have seen him any further away or any sooner than he could have seen the motorman. And he tells you how close that was.''

Mr. Small: ''There is no question of contributory negligence here.''

Mr. Piatt: ''That isn't a question of contributory negligence, as I understand it.''

The Court: ''Proceed.''

To which ruling of the court the plaintiff then and there duly excepted.

Mr. Piatt: (Continuing) ''That being the case there seems to me to be no escape from the conclusion that this man in this wagon came out there in a position where it was impossible to stop that car after the motorman by the exercise of ordinary care could have seen them in a position of danger or did see them in a position of danger.''

I. It is contended defendant's instruction number four is erroneous. The argument is that there is evidence the car was being run at a negligently high

**Instruction.** rate of speed prior to the moment the motorman saw or should have seen plaintiff's peril and that, but for the instruction mentioned, the jury might have found for plaintiff on the theory that it was this negligent speed which made it impossible for the motorman to avert the injury, though he discovered plaintiff's peril at the earliest possible moment and thereafter did all he could to prevent the collision.

The petition pleads neither an ordinance restricting the speed of cars nor that the actual speed of the car was negligent at common law. It is founded solely upon the humanitarian doctrine.

Defendant's instruction number four is, in the respect complained of, in legal effect the equivalent of plaintiff's first instruction. The use of the words "then" and "after" in the former is unobjectionable and adds nothing thereto which is not, substantially, found in the latter. This appears, without detailed analysis, from the instructions themselves.

We do not mean to intimate that, in any case, there would have been error in the respect mentioned, in the instruction objected to, but simply rest our conclusion upon the doctrine that plaintiff, having requested the submission of the case solely upon the same theory, cannot complain even if, for argument's sake, it could be conceded the instruction is erroneous.

II. The objection to the argument of defendant's counsel is not tenable. The argument was merely that **Argument to Jury.** plaintiff could have seen the car as soon as the motorman could have seen plaintiff and (remembering plaintiff's testimony as to the car's speed when he first saw it) that it was impossible to stop the car after they first saw or could have seen each other.

The judgment is affirmed. All concur.