FLORENCE M. LINDQUIST, Respondent, v. KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, and P. SETZLER & SONS SODA WATER MANUFACTURING COMPANY, a Corporation, Appellants.—Nos. 37661, 37662.—169 S. W. (2d) 366.

Division Two, January 4, 1943.

Rehearing Denied, March 25, 1943.

*Charles L. Carr* and *Cowgill & Popham* for Kansas City Public Service Company, appellant.

*Adams, Adams & Adams* for P. Setzler & Sons Soda Water Manufacturing Company, appellant.

*Homer A. Cope, Cope & Hadsell* and *Walter A. Raymond* for respondent.

 BOHLING, C.—Florence M. Lindquist instituted this action against the Kansas City Public Service Company, a corporation, and P. Setzler & Sons Soda Water Manufacturing Company, a corporation, seeking $15,000 for personal injuries. The jury returned a verdict for the defendants. Plaintiff's motion for new trial was sustained for the stated reason that error was committed in giving instructions Nos. 5 and 8. The defendants appeal from said order. The Setzler Company asserts plaintiff did not make a case against it. However, if defendants are entitled to hold the verdict, the case may be determined on whether a defendant is entitled to the converse of a plaintiff's main instruction which submits several charges of negligence in the conjunctive and a detailed statement of the facts may be omitted.

Plaintiff was a passenger on a Public Service Company bus, riding on the long seat at the rear of the bus. A Setzler Company truck was ahead of the bus and when the truck stopped on a street intersection, the bus operator applied the brakes causing the speed of the bus to be suddenly slackened but not in time to prevent the bus running into the truck. Plaintiff testified this sudden slackening of the speed and stopping of the bus threw her into the aisle, inflicting the injuries for which she seeks damages. The operator of the truck, whose deposition plaintiff offered, testified the truck was not damaged by the collision, "I could not see where it even hit it"; and the operator of the bus, who was called by plaintiff, testified the collision was a slight bump, he having slowed to practically a crawl; that there was no visible damage to the truck or bus; and that no one appeared to be upset and he thought the incident so trivial he did not obtain the names of his passengers. For the defendants there was evidence, among other things, from a passenger of the bus that the collision was light, that it did not throw him out of the seat and that he saw no lady down on the floor.

Plaintiff's main and only instruction predicating a recovery covers three pages of the printed abstract. It hypothesized certain facts,

stated certain principles of law applicable thereto and submitted plaintiff's case on charges of negligence as follows: "and that the defendant Kansas City Public Service Company was negligent in causing or permitting said trolley bus to give a sudden, violent, unusual, and unexpected jerk or lurch, if so, and to collide with the rear of said automobile truck, if so, and to come to a sudden and unexpected stop, if you so find; and that the operator of said trolley bus negligently failed to keep a lookout ahead, if so; and that he negligently followed said automobile truck too closely, if so; and that he negligently failed to timely apply the brakes on said motor bus, if so; . . . [and after hypothesizing certain facts with respect to the operator of the defendant Setzler Company's truck] and that said driver and operator of said automobile truck negligently failed to give a proper warning signal, visible to the operator of said trolley bus of his intention to slow down, or stop, by extending his arm horizontally to the left of said automobile truck, if so; and that he negligently and carelessly failed to keep a vigilant and careful lookout laterally and to the rear of said automobile truck, if so, . . . and if you further find and believe from the evidence that as a direct and proximate result of the negligence of both defendants, as herein submitted, if you so find, . . . she [plaintiff] was thereby caused to receive injuries, if you so find, then your verdict will be in favor of the plaintiff and against both defendants."

Instruction No. 5, on behalf of defendant Public Service Company, and instruction No. 8, on behalf of defendant Setzler Company, were identical except for the necessary variations to make each applicable to the particular defendant asking the instruction. A ruling with respect to one rules the other. The answer of each defendant was a general denial. Instruction No. 5 read:

"The court instructs the jury that plaintiff, Mrs. Lindquist, in this case alleges and submits (1) that defendant Kansas City Public Service Company was negligent in the respects and only in the respects as submitted in instruction No. One and (2) that she was injured while on said bus and (3) that such alleged negligence of defendant Kansas City Public Service Company directly contributed to her alleged injuries, and these allegations or charges are by defendant Kansas City Public Service Company denied; and you are instructed that under the law the burden of proof on the above issues rests upon plaintiff, Mrs. Lindquist, and this burden of proof on the above issues continues and abides with her throughout the trial, and requires her to establish the truth of each of such charges as laid to the reasonable satisfaction of the jury by the greater weight of all the credible evidence in the case, and if she has not so discharged this burden of proof so resting upon her, and if upon the whole case you find the evidence touching the above issues preponderates in favor of defendant Kansas City Public Service Company

then your verdict must be for defendant Kansas City Public Service Company.''

Plaintiff first states the questioned instructions were long, argumentative, involved, and not in proper form, citing Mengel v. St. Louis, 341 Mo. 994, 1003, 111 S. W. (2d) 5, 10, wherein we quoted from cases indicating our preference for a short, simple burden of proof instruction. However, a reading of our cases, including those cited in the Mengel case, discloses that we have held defendants' burden of proof instructions reversibly erroneous because of some error of law and not because of their length. Flint v. Loew's St. L. R. & A. Corp., 344 Mo. 310, 317, 126 S. W. (2d) 193, 196[7]. Generally, mere length, without more, should, not and has been considered not to vitiate instructions. Wolfe v. Payne (Banc), 294 Mo. 170, 186(V), 241 S. W. 915, 919[7], affirmed, 263 U. S. 239, 44 S. Ct. 64, 68 L. Ed. 284; Rowe v. Missouri-K.-T. Rd. Co., 339 Mo. 1145, 1156[3], 100 S. W. (2d) 480, 486[6], certiorari denied, 300 U. S. 680, 57 S. Ct. 671, 81 L. Ed. 884; Norton v. Wheelock, 323 Mo. 913, 929, 23 S. W. (2d) 142, 148[12], certiorari denied, 281 U. S. 752, 50 S. Ct. 355, 74 L. Ed. 1162; Siberell v. St. Louis-S. F. Ry. Co., 320 Mo. 916, 926, 9 S. W. (2d) 912, 915[5, 6]; Cunningham v. Doe Run Lead Co. (Mo.), 26 S. W. (2d) 957, 960[2]; Lavignon v. Dietzel (Mo.), 34 S. W. (2d) 92, 93[3]. Plaintiff cites no case justifying distinctions between different classes of instructions with respect to their length and does not point out any argumentative or involved provisions in the instructions. We regard the instructions as intelligible to the eye and ear of an attentive juror. Separate instructions covering like issues would have consumed greater space.

As stated, plaintiff's instruction submitted the charges of negligence in the conjunctive. Plaintiff directs our attention to a number of cases ruling that where a plaintiff submits several charges of negligence in the conjunctive in an instruction predicating a recovery and there is substantial evidence establishing one or more but not all of said charges the giving of the instruction is not reversible error. Guthrie v. St. Charles, 347 Mo. 1175, 152 S. W. (2d) 91, 98[12]; Wolfe v. Payne, 294 Mo. 170, 186 (IV), 241 S. W. 915, 919[6]; Callicotte v. Chicago, R. I. & P. Ry. Co., 274 Mo. 689, 693(III), 204 S. W. 529, 530[4]; Westenhaver v. St. Louis-S. F. Ry. Co., 340 Mo. 511, 519, 102 S. W. (2d) 661, 665[5]; Meeker v. Union El. L. & P. Co., 279 Mo. 574, 601, 216 S. W. 923, 931[2, 4]; Webster v. International Shoe Co. (Mo. App.), 18 S. W. (2d) 131, 133[4]; Houston v. American Car & F. Co. (Mo. App.), 282 S. W. 170, 172[1]. Such submissions have not been approved as technically correct but, in instances wherein a plaintiff-respondent has sought to hold a verdict, have been considered not reversible error and have been tolerated (Mann v. Payne, 349 Mo. 89, 93, 159 S. W. (2d) 602, 604[2]) on the reasoning that plaintiff had assumed an unneces-

sary burden and hence defendant had not been prejudiced. Plaintiff argues that since it was necessary for a recovery to establish only one and not all of the charges of negligence thus submitted in the conjunctive the defendants' instructions imposed an excessive and unlawful burden upon plaintiff in requiring plaintiff to prove all of the charges of negligence submitted in her principal instruction. Here the defendants seek to hold the verdict of the jury. The plaintiff seeks to set it aside. The situation differs and plaintiff's citations are not controlling. The cases stressed by plaintiff are distinguishable.

In Hough v. Chicago, R. I. & P. Ry. Co., 339 Mo. 1169, 1187[5], 100 S. W. (2d) 499, 509[7], a burden of proof instruction requiring plaintiff to prove "by a preponderance of the credible testimony every fact stated in plaintiff's instruction No. 2, which would entitle him to recover a verdict" was considered erroneous in that some of the facts enumerated were merely incidental or collateral and the clause "which would entitle him to recover" permitted the jury to speculate what particular facts would permit plaintiff to recover. The instant situation differs in that defendants' instructions are restricted to the proof of charges of negligence, not incidental or collateral facts, which plaintiff had already told the jury she must prove in order to recover. There was no occasion for speculation on the part of the jury. The instant issue was not considered and appears not to have been presented in the Hough or other cases relied on by plaintiff.

In Roemer v. Wells (Mo. App.), 257 S. W. 1056, 1057[3], plaintiff's case was submitted on a measure of damages instruction alone, and defendant's instruction conditioning recovery upon plaintiff establishing two distinct charges of negligence, either of which would have sustained a recovery, obviously placed too great a burden on plaintiff, which unnecessary burden plaintiff had not assumed.

In Littig v. Urbauer-Atwood Heating Co., 292 Mo. 226, 244 (IV), 237 S. W. 779, 784[7], and Williams v. Tucker (Mo. App.), 224 S. W. 21[1, 2], the instructions referred the jury to the pleadings. The Williams case also appears similar to the Roemer case, supra.

Henry v. Cleveland, C. C. & St. L. Ry. Co., 332 Mo. 1072, 1076[3, 4], 61 S. W. (2d) 340, 341[3, 4] was under the Federal Safety Appliance Act and considered instructions placing the burden on plaintiff to prove the "negligence" of defendant. As there stated, negligence vel non in the sense of a lack of care is not the issue. Arnold v. Alton Rd. Co., 343 Mo. 1049, 1053[1], 124 S. W. (2d) 1092, 1094[2].

In connection with the above, note our observation in the Callicotte case, supra: "The cases cited by appellant [defendant] might be applicable, had respondent [plaintiff] failed to recover, and had

he attempted to secure a reversal on the ground that he was not required to prove negligence.''

Plaintiff's attacks do not strike at those portions of defendants' instructions explicitly announcing upon whom the burden of proving a charge of negligence rests as such but strike at the portions thereof placing, by explicit reference therein to plaintiff's instruction, the burden of proving the charges of negligence submitted by plaintiff in the conjunctive. The questioned portions of defendants' instructions are the converse of the charge of negligence submitted in plaintiff's said instruction. The answers were general denials. The credibility of plaintiff's witnesses was a jury question. Right and justice seemingly require that defendants, interposing such a plea, have the privilege of its submission, which, from its nature, would be the converse of plaintiff's submission. We are committed to the proposition that the refusal of a defendant's instruction correctly submitting the converse of the State's main instruction is reversible error in criminal cases, unless of course the State's instructions clearly submit such converse. State v. Fraley, 342 Mo. 442, 444, 116 S. W. (2d) 17, 19[1-3]. ''This is true even in civil cases.'' State v. Hayes (Mo.), 247 S. W. 165, 168[9]. See Branson v. Abernathy Furniture Co., 344 Mo. 1171, 1181[3], 130 S. W. (2d) 562, 568[9]. Plaintiff did not undertake the submission of defendants' defense. The giving of a defendant's converse instruction in a civil case is not error. Arnold v. Alton Rd. Co., 343 Mo. 1049, 1056[5], 124 S. W. (2d) 1092, 1096[10]; Boles v. Dunham (Mo. App.), 208 S. W. 480 [3]; Harper v. Wilson (Mo. App.), 191 S. W. 1024, 1025[4]; Marshall v. Brown (Mo. App.), 230 S. W. 347, 348[3]; Trusty, Constructing and Reviewing Instructions (Mo. Ed. 1941), p. 116. Also, we have held: ''A plaintiff cannot complain of an instruction which only presents the defendant's side of the case and in the same view of the law.'' Woehler v. St. Louis, 342 Mo. 237, 241[3], 114 S. W. (2d) 985, 987[5, 6]; Schneider v. Dubinsky Realty Co., 344 Mo. 654, 663[4], 127 S. W. (2d) 691, 696[12].

In Szuch v. Ni Sun Lines, Inc., 332 Mo. 469, 475[1], 58 S. W. (2d) 471, 472[1, 2], the court considered a contention that an instruction for defendant was broader than the pleaded contributory negligence and the evidence. The court said: ''Conceding, without holding, that such is true, appellant is not in position to claim reversible error on that account. Instruction No. 1, given at the request of plaintiff, submitted the question of whether at the time and place in question plaintiff's automobile was being driven and operated without any negligence whatever on the part of plaintiff, without confining it to the contributory negligence pleaded. This does not, as appellant suggests, present a question of error in plaintiff's given instruction No. 1. Plaintiff might thus assume an undue burden without rendering the instruction erroneous, but in such case the

giving of another instruction which imposes a like burden in the same or a lesser degree does not predicate reversible error. The basis sometimes assigned for this doctrine is estoppel [citing authority], or self-invited error [citing authority], but the better reason seems to be that error in the instruction complained of is thus made nonprejudicial [citing authority]." See also Wallace v. St. Joseph Ry. L. H. & P. Co., 336 Mo. 282, 288[2], 77 S. W. (2d) 1011, 1013[2]; Murphy v. Duerbeck (Mo.), 19 S. W. (2d) 1040, 1043[4]; Kincaid v. Birt (Mo.), 29 S. W. (2d) 97, 98[4]; Lange v. Missouri Pac. Ry. Co., 208 Mo. 458, 475(II), 106 S. W. 660, 665(2); Jaggard v. Metropolitan St. Ry. Co., 264 Mo. 142, 146(I), 174 S. W. 371, 372[I]; Keet-Rountree D. G. Co. v. Hodges, 175 Mo. App. 484, 492, 161 S. W. 862, 865[8].

Plaintiff says she did not invite either instruction, and the fundamental error of defendants is in the meaning of the term "theory." The argument, as before, is that ▆▆▆ proof of one of the several charges of negligence would have sustained a plaintiff's verdict. She says: "Theory," when referring to the rule that upon appeal a litigant is bound by his theory nisi, "evidently does not have reference to what *facts* the evidence establishes, but the term *theory* when so used, has reference to *cause of action*, or *defense*, or to 'a matter essential to the rendition of the judgment.'" State ex rel. v. Shain, 343 Mo. 666, 673, 123 S. W. (2d) 1, 4[4], citing State ex rel. v. Sturgis, 281 Mo. 598, 602(II), 221 S. W. 91, 92[2, 3], 9 A. L. R. 1315. Note the observations in State ex rel. v. Sturgis, particularly with respect to Deschner v. St. Louis & M. R. Rd. Co., 200 Mo. 310, 332, 98 S. W. 737, 743; Chinn v. Naylor, 182 Mo. 583, 594(I), 81 S. W. 1109, 1111(1), and Mirrielees v. Wabash Ry. Co., 163 Mo. 470, 486, 63 S. W. 718, 722. Plaintiff predicated her recovery upon the jury finding defendants guilty of each of the several charges of negligence submitted in the conjunctive in her instruction No. 1. This was the only theory she submitted to the jury. In this the defendants joined in so far as their individual liability was submitted. Under the authorities, our review should so proceed. Statutory enactments provide that judgments be not reversed for nonprejudicial error. Secs. 973, 1228, R. S. 1939, Mo. St. Ann., pp. 1090, 1352, Secs. 821, 1062. Consequently, in cases where a plaintiff seeks to sustain a verdict rendered under instructions submitting several charges of negligence in the conjunctive when less than all of said charges so submitted have been established, we have refused to reverse the judgment and remand the cause, reasoning that defendant may not successfully urge technical error based on plaintiff's assumption of an unnecessary and unestablished charge of negligence and nonprejudicial to defendants' rights, thus permitting plaintiff to hold the advantage of a legally and properly charged and proved cause of action notwithstanding the submission

to plaintiff's disadvantage, and not because plaintiff's theory as evidenced by the submission in the conjunctive nisi was in every respect technically proper. (See plaintiff's cases, supra.)

Millhouser v. Kansas City Pub. Serv. Co., 331 Mo. 933, 940[4], 941, 55 S. W. (2d) 673, 676[9, 11], is cited by plaintiff. There the plaintiff's instruction was held correct (l. c. 941 and 676[10]) and defendant's sole cause instruction erroneous (933 [1, 3] and 675[2, 7]). If that be right, there was no common error; and defendant's said instruction was not (as in the case at bar) a converse instruction and did not present defendant's side of the case in plaintiff's view of the law. Said plaintiff's instruction undertook to restrict the causative factual elements to our humanitarian rule. Said defendant's instruction did not negative (nor did it hypothesize facts constituting a defense to) plaintiff's humanitarian case. The objectionable clause in plaintiff's instruction was not requested by plaintiff but was inserted by the court. If it were the court's instruction (consult Nimmo v. Perkinson Bros. Const. Co. (Mo.), 85 S. W. (2d) 98, 103[7]), plaintiff, not chargeable with an invitation, invited no common error. In the instant case defendants' instructions did not place any burden upon plaintiff with respect to contributory negligence, as was the situation in some of the cases cited by plaintiff; for instance, in Brewer v. Silverstein (Mo.), 64 S. W. (2d) 289, 291 [5-8]. There the court observed, in so far as the questioned instructions were the converse of plaintiff's instruction: "There is force in defendants' contention and we would hesitate to hold the giving of said instructions 3 and 4 alone reversible error in view of the instruction given at plaintiff's request. A party may not complain of self-invited error." Here each defendant's instruction explicitly is restricted to the charges of negligence against the respective defendant. No mention is made of contributory negligence. See Flint v. Loew's St. L. R. & A. Corp., 344 Mo. 310, 316(a), 126 S. W. (2d) 193, 195[4]; Mendenhall v. Neyer, 347 Mo. 881, 149 S. W. (2d) 366, 370[4, 5].

Counsel appeared agreed at the oral argument that the submission of several charges of negligence in the conjunctive when plaintiff's proof established some but not all of said charges was technically erroneous. To permit plaintiff to so proceed and restrict defendant to a technically correct statement of the law, denying defendant the right to track plaintiff, would at once produce a conflict in the instructions, cause the court to inform the jury it did not mean what it said in one of the instructions, deprive defendant of a converse submission, and tend to confuse and befuddle. A plaintiff has the initiative. He alleges the cause of action. He submits the law of the case in verdict directing instructions. If defendant adopt the course taken by plaintiff without proper caution, he may be precluded thereafter from questioning its propriety even

914

though erroneous; but no rule called to our attention denies one having the negative, if so inclined, the right to appropriately put the affirmative to the proof of the facts establishing the case. Even handed justice logically requires that plaintiff be bound by the course he voluntarily originates. He should not blow hot and cold on the law of the case. We do not overrule our case law with respect to a plaintiff's submission of separate charges of negligence in the conjunctive. We hold that if a plaintiff submits the case in the conjunctive and possibly stigmatizes by innuendo, with the sanction of the court, a defendant as having been guilty of several charges of negligence under the record, plaintiff, upon being disappointed in the verdict, may not successfully about face and predicate prejudicial error upon defendant's submission of the converse of that which plaintiff submits. A litigant need not present his adversary's cause in addition to his own. Reading the instructions, defendants' instructions appear as, if not more, favorable to plaintiff than plaintiff's instruction.

The order granting a new trial is reversed and the cause is remanded with directions to reinstate the verdict of the jury and enter judgment thereon. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. *Leedy, P. J.,* and *Ellison, J.,* concur; *Tipton, J.,* concurs in result.