252 S.W.2d 343 (1952)
McCARTY
v.
MILGRAM FOOD STORES, Inc.
No. 42965.
Supreme Court of Missouri, Division No. 1.
November 10, 1952.
Thomas E. Deacy and Ray D. Jones, Jr., for appellant.
Reed O. Gentry, Jack B. Robertson and Rogers, Field & Gentry, Kansas City, for respondent.
COIL, Commissioner.
Judgment was entered on defendant-respondent's verdict in a suit by plaintiff-appellant to recover $25,000 damages for injuries allegedly the result of defendant's negligence. Plaintiff's sole contention is that the trial court erred in giving instruction 5 at the instance of defendant.
Plaintiff's evidence tended to show that while she was shopping in defendant's store a Coca Cola sign (a cardboard ad in a light wood frame about 3' x 5') fell from the wall and struck her. She submitted her case under the res ipsa loquitur doctrine by an instruction offered by her: "The Court instructs the jury that if you find and believe from all the evidence that on September 25, 1948 plaintiff was on the defendant's premises at 6327 Brookside Plaza, Kansas City, Missouri, shopping for groceries, if so, and that the plaintiff while upon the premises of the defendant and at the place where she was injured, if so, in the northeast section of the store, if you so find, was struck by a Coca Cola sign located in the northeast section of the store, if so, and that the defendant caused, allowed and permitted the *344 Coca Cola sign to strike plaintiff, if so, and as a direct result thereof the plaintiff was caused to be thrown onto the floor of said store, if so, and she was injured as a result thereof, if so, and if you further find that the said Coca Cola sign was in the exclusive possession and control of the defendant, then you are instructed that such facts, if you believe them to be true, are sufficient substantial evidence upon which you may infer that the defendant was negligent, and you may so find, unless you find and believe from other evidence and from all the facts and circumstances in evidence that the fall of the Coca Cola sign was not due to the defendant's negligence, and if you so find and believe from all the evidence in the case that the defendant was negligent and that the plaintiff's injuries, if any, were directly caused by the defendant's negligence, then your verdict should be for the plaintiff."
Instruction 5 was: "The jury is instructed that unless the plaintiff has proved to the reasonable satisfaction of the jury, by the preponderance or greater, weight of the credible evidence in the case, that the Coca Cola sign mentioned in evidence was in the exclusive possession and control of the defendant, your verdict, regardless of all other facts and circumstances in the case, must be in favor of the defendant."
Plaintiff contends that defendant's admissions and evidence conclusively established that defendant had exclusive possession and control of the sign within the meaning of the res ipsa doctrine, and that there was no evidence to the contrary. We shall assume that this contention is true. Plaintiff argues from this premise that defendant's instruction 5 was unsupported by any evidence, without the issues, conflicted with defendant's own evidence and admissions, and was calculated to and did mislead the jury.
Instruction 1 contained this requirement: * * * and if you further find that the said Coca Cola sign was in the exclusive possession and control of the defendant, * * *.' Instruction 5 (the form of the instruction is not attacked) contained this single direction: " * * * unless the plaintiff has proved * * * that the Coca Cola sign * * * was in the exclusive possession and control of the defendant, your verdict, * * *", etc.
Defendant thus conversely hypothesized one of the facts which plaintiff had submitted as essential to her recovery.
Plaintiff concedes that usually a defendant is entitled to a converse instruction on any one of the elements essential to plaintiff's recovery. But, plaintiff says, this rule does not obtain in a case wherein defendant's own evidence and admissions affirmatively prove the issue submitted. Plaintiff says that, even though plaintiff required the jury to find exclusive possession and control in defendant, it was error for defendant also to require the jury to so find because there was in reality no such issue for the jury. We think plaintiff's argument overlooks the effect of the verdict-directing instruction given at her request.
If, as assumed, exclusive possession and control was admitted or conclusively established by defendant, a finding by the jury of such possession and control was not necessary. Plaintiff was at liberty to omit such requirement from her instruction or to include some direction by the court pertaining to the established issue. But the fact that plaintiff assumed the burden of requiring a finding on an established issue, did not make her instruction erroneous. Plaintiff necessarily had the initiative and choice to determine whether to hypothesize the element of exclusive possession and control. Plaintiff chose to require a finding on this element and included the requirement in her instruction. Thus, the jury could not find for plaintiff unless and until they found that defendant was in exclusive possession and control of the sign. This was true irrespective of defendant's instruction 5; this was true even though defendant had offered no instruction. It must follow that instruction 5 added nothing to the burden assumed by plaintiff under her given instruction 1. And it also must follow that no demonstrable prejudice could result from the giving of instruction 5, i. e., no prejudice other than that which may *345 have been the result of plaintiff's choice as to the form and content of her instruction 1. Szuch v. Ni Sun Lines, 332 Mo. 469, 474, 58 S.W.2d 471, 472[1,2]. See: Lindquist v. Kansas City Public Service Co., 350 Mo. 905, 913, 169 S.W.2d 366, 370[7]; Roeslein v. Chicago & E. I. R. Co., Mo.Sup., 214 S.W.2d 13, 18[6].
The judgment is affirmed.
VAN OSDOL and LOZIER, CC., concur.
PER CURIAM.
The foregoing opinion by COIL, C., is adopted as the opinion of the court.
All concur.