Clara **REPHLO**, Plaintiff-Appellant,

v.

John F. **WEBER**, Defendant-Respondent.

No. 49540.

Supreme Court of Missouri,

Division No. 1.

April 8, 1963.

Rehearing Denied May 13, 1963.

558

Sherman Landau, St. Louis, for appel-
lant.

Luke, Cunliff, Wilson, Herr & Chavaux, by Robert R. Schwarz, St. Louis, for respondent.

WESTHUES, Judge.

Plaintiff filed a petition in the Circuit Court of the City of St. Louis, Missouri, against the defendant wherein she asked for $65,000 as damages for personal injuries alleged to have been sustained when defendant's truck struck her car which she was driving at the intersection of Alfred Avenue and Magnolia Avenue in St. Louis, Missouri. A trial resulted in a verdict and judgment for the defendant. A motion for new trial was overruled and plaintiff appealed from the judgment against her.

On this appeal, the plaintiff in her brief claims error was committed by the trial court in giving, at defendant's request, instructions numbered 6, 7, and 8, and in that the court erred in rejecting plaintiff's offer to introduce as evidence Ordinance No. 831.020, relating to right of way of vehicles at intersections.

Defendant contends the court did not err as claimed by the plaintiff and makes the further contention that the trial court should have directed a verdict for the defendant on the ground that plaintiff failed to make a case for a jury.

The evidence of plaintiff supports the following statement: The collision causing plaintiff's injuries occurred at about 5:30 p. m., on November 13, 1960, at the intersection of Alfred and Magnolia Avenues. It was dark at the time and the lights of both vehicles were operating. Alfred is a north-south street, 30 feet in width; Magnolia is an east-west street, 40 feet in width. On Magnolia, there are two lanes for westbound traffic and two lanes for eastbound traffic. Alfred does not extend southward beyond Magnolia, thereby forming a "T" intersection with Magnolia. There is a stop sign on Alfred but no such sign on Magnolia. Plaintiff, driving south on Alfred intended to make a left turn and go east on

Magnolia. The defendant was driving his truck west on Magnolia. Plaintiff testified that she stopped her car at the stop sign which was about 15 to 18 feet north of the north curbline of Magnolia; that she saw headlights of a motor vehicle approaching from the east and that it was then more than 300 feet to the east; that she stopped a second time at the north curbline of Magnolia and noticed no cars approaching from the west on Magnolia; that in looking east, she saw defendant's truck about 200 feet from the intersection; that she then proceeded to drive into the intersection and when the front of her car had crossed the center of Magnolia and was in the act of turning east in the north lane going east, her car was struck on the left rear side by defendant's truck; that her car was turned completely around. She testified further that the truck was being driven about the center of the westbound lanes and did not turn to the north before striking her car; that the truck left skid marks for a distance of about 40 feet.

The defendant testified that as he approached the intersection he saw plaintiff's car standing still at the stop sign; that he slackened the speed of his truck very little and was driving at about 30 m. p. h.; that when he was about two car lengths from the intersection plaintiff drove her car into the intersection and he, defendant, immediately hit the brake and turned to the right but was unable to avoid a collision. Defendant testified he could stop the truck traveling at 30 m. p. h., within 100 feet. All parties agree that no other traffic was near the point of collision to interfere with either plaintiff's car or defendant's truck.

The cause was submitted to a jury on primary and humanitarian negligence. The specific submission, as contained in instruction No. 1, was that if the jury found the defendant "failed to timely slacken the speed of his truck and that he failed to angle his truck toward and into the northernmost lane of Magnolia Avenue, if you so find, and that in so failing, the defendant failed to exercise the highest degree of care and was negligent, and that such negligence directly caused the collision and the injuries, if any, to Mrs. Rephlo, and that she was at all times shown in evidence exercising the highest degree of care for her own safety, then your verdict will be in favor of the plaintiff, Mrs. Clara Rephlo, and against the defendant, John F. Weber."

■ We are of the opinion that the evidence was sufficient to submit the case to a jury. Defendant testified that he could have stopped his truck within 100 feet at the rate of speed he was traveling. Plaintiff's evidence was that when her car began to move into the intersection defendant's truck was about 200 feet to the east. Plaintiff's car was struck at a point on the left rear side. Under the evidence, a jury could well have found that had the defendant slackened the speed of his truck and swerved to the right no collision would have occurred. The trial court did not err in refusing to direct a verdict for the defendant. This is so evident that citation of authorities is not necessary.

We are also of the opinion that plaintiff has a meritorious complaint with reference to instruction No. 7 which the court gave at defendant's request. This instruction reads: "The Court instructs the jury that the defendant, John Weber, was not required to swerve or slacken the speed of his motor vehicle at such time when Mrs. Rephlo was stopped at the north side of Magnolia Avenue but was only required to take such action when he saw or in the exercise of the highest degree of care could have seen her leave the stopped position at the north side of Magnolia, and if you find and believe from the evidence that at the time the plaintiff left her stopped position at the north side of Magnolia and entered the intersection, if you so find she did, and further find that at such time the defendant Weber, in the exercise of the highest degree of care, could not avoid the collision by slackening the speed of his motor vehicle, then the Court instructs you

your verdict must be in favor of the defendant Weber."

In the brief, plaintiff says of this instruction that it erroneously "circumvented and ignored plaintiff's submission of slackening *and swerving.*" In the argument portion of the brief, plaintiff says that "even though the jury might have found that defendant had the time and space within which to slacken and swerve, and could thereby have averted the collision, the jury was directed to return a verdict in favor of defendant if it found that slackening alone, without swerving, would not have averted the collision. This was error, and it was prejudicial to plaintiff."

In defense of the instruction defendant says in his brief, under Points and Authorities, "Instruction No. 7 is a proper converse instruction under both the humanitarian and primary submission offered by plaintiff and under the facts of this case is not subject to the attacks made by the plaintiff herein for the following reasons:

"(a) There is no obligation to slacken the speed or swerve or change the course under either the humanitarian submission or under primary negligence until imminent peril or apparent danger of collision and it is, therefore, correct to preclude anticipatory action.

"(b) Instruction No. 7 is a true converse instruction to both the primary and humanitarian submission made by the plaintiff and as such the facts submitted are a sufficient hypothecation and the instruction is correct in this respect.

"(c) The instruction properly attacks the *conjective* submission of slackening and swerving by attack of one of the essential elements of plaintiff's directing instruction." (Citations omitted.)

In the argument of the brief, defendant stated that "The next charge which the plaintiff erroneously levels at Instruction No. 7 is that it attacks only a single predicate of the submitted conjunctive liability submission. The plaintiff is in error with this charge. It used to be the law but it is no longer the law and properly so. The courts had long recognized in the plaintiff's submission of this type of conjunctive submission that it was essential for that submission to be technically correct; that the plaintiff plead and prove each essential element of each predicate of liability and if the evidence did not substantiate each predicate of liability, the instruction was erroneous." The case of Lindquist v. Kansas City Public Service Co., 350 Mo. 905, 169 S.W.2d 366, is cited in support of defendant's assignment. Therein, the plaintiff claimed that she was injured while a passenger on a bus of the defendant. In her petition, she charged that the operator of the bus was guilty of a number of acts of negligence. These charges of negligence were stated conjunctively and at plaintiff's request were so submitted to a jury. At defendant's request, the trial court gave a burden of proof instruction informing the jury that the plaintiff was required to prove each and every allegation of negligence submitted. This court held the instruction proper. That case and the ruling therein made do not fit the situation present in the case now before us.

In the present case, the court at plaintiff's request informed the jury that if the defendant could have in the exercise of the highest degree of care avoided the collision by slackening the speed of his truck and by swerving to the north then a verdict for plaintiff was authorized. At defendant's request, the jury was told by instruction No. 7 that if the defendant in the exercise of the highest degree of care could not have avoided striking plaintiff's car with his truck by slackening the speed thereof, then the verdict for the defendant was authorized. It is our opinion that there is a clear conflict in the instructions and that instruction No. 7, given at defendant's request, is prejudicially erroneous.

It is common knowledge that often collisions may be and are avoided by drivers of motor vehicles by slackening the speed and at the same time swerving the vehicle; that in many such cases both actions are necessary to avoid contact. The evidence before us now was sufficient and was such that a jury would have been justified in finding that the defendant in the exercise of the highest degree of care could have avoided the impact by slackening and swerving.

Plaintiff complains that the trial court erred in not permitting the introduction of an ordinance, No. 831.020, which reads in part as taken from plaintiff's brief: " 'All drivers shall: * * * (7) Reduce speed at intersections and yield the right-of-way to any vehicle already within the intersection, and when entering at the same time shall yield to the vehicle on his right.' "

The evidence was that Magnolia Avenue was a through street with no stop signs at its intersection with Alfred Avenue. There was a stop sign at Alfred Avenue. A portion of Ordinance 839.010, admitted in evidence, reads as follows in defendant's brief: " 'Major Streets.—Stop signs shall be erected and maintained by the traffic commissioner at every street intersecting with a lawfully designated major street. Every driver shall stop at such sign and yield the right-of-way to drivers and pedestrians upon such major streets and shall not proceed through the intersection or into the major street until safe to do so.' " It is apparent that the trial court did not err in ruling that Ordinance No. 831.020 was not admissible.

Other points briefed need not be considered. They are not likely to occur on retrial of the case.

For the error in giving instruction No. 7, the judgment is reversed and the cause remanded for retrial. It is so ordered.

All of the Judges of the Division and STORCKMAN, Special Judge, concur.