**Norma Dean MARTIN, Plaintiff-Respondent,**

**v.**

**Hubert Ray SITZ, Defendant-Appellant.**

**No. 31720.**

St. Louis Court of Appeals.

Missouri.

July 21, 1964.

Rehearing Denied Sept. 16, 1964.

Carter, Fitzsimmons & Brinker, Bernard C. Brinker, Clayton, for defendant-appellant.

Donald S. Hilleary, Clayton, for plaintiff-respondent.

L. F. COTTEY, Special Judge.

Plaintiff was injured when the automobile in which she was a passenger was struck from the rear by one driven by defendant. On trial of her action for damages the jury returned a verdict for defendant. Thereafter the trial court sustained plaintiff's motion for new trial on the sole ground that prejudicial error had been committed in the giving of defendant's Instruction 7. Defendant appeals from that ruling.

The Martin car in which plaintiff was riding at the time the accident occurred was being driven northwardly by her husband in a long procession of northbound Sunday afternoon traffic on U.S. Highway 61. Behind it followed defendant's car. Next ahead of the Martin car was one we shall refer to as the Coxey car. At times all of the cars in the northbound traffic lane traveled at speeds of 55–60 miles per hour and at times they slowed to 20–25 miles per hour. Just before the accident developed they were all proceeding at about 40–45 miles per hour. The Martin car had been maintaining a distance of some eighty to a hundred feet behind the Coxey car and defendant was following the Martin car at a distance of about sixty feet. The accident developed when all of the forward cars slowed abruptly. Observing the Coxey car slowing in front of him, Martin applied his brakes and came to a "rather fast" stop, or virtually to a stop. Instantly thereafter the impact from defendant's car occurred.

Plaintiff's version of the incident, supported by substantial evidence, was that the Martin car succeeded in stopping behind the Coxey car without touching it, while both cars were still on the pavement in the northbound traffic lane; that defendant's car then struck the Martin car from behind with such force that it was knocked forward into the Coxey car, from which it bounced off to its left and came to rest, still on the paved slab, with its front end at an angle across the centerline of the highway.

Defendant's version of the incident, supported by substantial evidence, was that when the brakes were applied on the Martin car it went into an angling skid, more or

less out of control; that in an effort to avoid involvement in any accident that might result from that misadventure defendant applied his own brakes and drove his car off onto the right-hand shoulder of the highway to get out of the line of traffic; that he would have been successful in avoiding the Martin car by that maneuver had it not been that at that moment the Martin car collided with the Coxey car and bounced off to its right, with a portion of its rear end on the shoulder directly in defendant's path; that in that position it was struck on its right rear corner by defendant's car and knocked back on the pavement at an angle across the centerline; that defendant's car was completely off the pavement, on the shoulder, at the time.

Plaintiff's verdict directing Instruction 2 hypothesized a speed of "about thirty-five to forty miles per hour" for defendant's car and a distance of "about sixty feet" between it and the Martin car, and then submitted the proposition that defendant was negligent in following plaintiff's automobile too closely at that speed.

Defendant countered with Instruction 7 in this language, portions of which have been bracketed for easy reference:

"(The Court instructs the jury that if you find and believe) that on the occasion mentioned in evidence plaintiff was riding as a passenger in an automobile which was being operated in a northwardly direction on Highway 61 and that defendant Hubert Sitz was driving an automobile behind and to the rear of plaintiff's automobile; and if you further find that traffic ahead of plaintiff's automobile began slowing and that plaintiff's automobile slowed suddenly and skidded and collided with the rear of the automobile ahead before and prior to the time it was involved in the collision with the defendant's automobile; and if you find that defendant, to avoid the collision, applied his brakes and swerved onto the east shoulder of the highway and was on said shoulder when the collision with the plaintiff's automobile occurred; and if you find (that defendant) at all times as he approached the place where the collision occurred was exercising the highest degree of care in the operation of his automobile and (was not negligent in following plaintiff's car too closely as submitted in Instruction No. 2, then you are instructed that your verdict will be in favor of the defendant.)"

■ Plaintiff's attack on that instruction runs to ten paragraphs in her motion for new trial. In an effort to confine the inquiry within reasonable limits we will say that we do not regard Instruction 7 as a "sole cause" instruction, and all criticism directed against it from that standpoint will therefore be disregarded. Neither do we think it is, or was intended as, an "emergency" instruction, and all objections to it based on that premise will likewise be disregarded. That leaves us with the question as to whether it is a "no negligence converse" instruction, as plaintiff suggests for a third alternative, and, if so, whether it is prejudicially erroneous as such.

■ Plaintiff says that if the instruction had been designed as a true converse (which requires no evidence to support it, Liebow v. Jones Store Company, Mo., 303 S.W.2d 660, 662) it would have read simply, "The court instructs the jury that if you find and believe from the evidence that defendant was not negligent in following plaintiff's automobile as submitted to you in Instruction 2, then your verdict should be in favor of the defendant." A reference to the bracketed portions of Instruction 7 will disclose that it contains almost that identical wording. It must be that the instruction is, then, as defendant insists, a true converse *coupled with* an hypothesis of certain affirmative evidentiary facts which are relied on either as constituting a complete and independent defense in and of themselves, or as disproving one or more of the essential factual elements of plaintiff's case. It is not suggested that

there is any impropriety in joining the two propositions in a single instruction, although the usual practice is to submit them separately; and we think they may be joined, either conjunctively or disjunctively, provided each is complete and proper when examined separately. See by analogy, Kimbrough v. Chervitz, 353 Mo. 1154, 186 S.W.2d 461, 466. Now we take it to be conceded that the true converse portion of Instruction 7 is complete and proper. And we think the facts hypothesized in the remaining portion are supported by substantial evidence. The narrow question, then, is, allowing that they are all true, do they add up to a submissible theory of defense? The answer requires a detailed analysis of the defensive factual hypotheses contained in the instruction.

First, " * * * that on the occasion mentioned in evidence plaintiff was riding as a passenger in an automobile which was being operated in a northwardly direction on Highway 61 and that defendant Hubert Sitz was driving an automobile behind and to the rear of plaintiff's automobile, and * * * that traffic ahead of plaintiff's automobile began slowing and that plaintiff's automobile slowed suddenly"; (those facts confirm plaintiff's theory; they do not controvert it in any particular and are devoid of defensive effect; the sudden slowing of plaintiff's car did not relieve defendant of the duty to avoid colliding with it and could therefore have real significance only in an emergency instruction, which this is not); Second, that plaintiff's automobile "skidded and collided with the rear of the automobile ahead before and prior to the time it was involved in the collision with the defendant's automobile"; (here we have a factual situation at odds with plaintiff's version, but the disagreement is superficial only and lacking in any real defensive significance because the first collision does not excuse the second, nor justify defendant in colliding with her either then or thereafter); Third, " * * * that defendant, to avoid the collision, applied his brakes and swerved onto the east shoulder of the highway and was on said shoulder when the collision with the plaintiff's automobile occurred * * *"; (Surely an unsuccessful attempt to avoid an accident has never been allowed to exculpate a defendant whose own negligence is assigned as the cause of it, as here, for instance, where he is charged with following too closely at the rate of speed he was driving; and the further fact that he was driving on the shoulder at the time the impact occurred is equally irrelevant since the law gives him no greater right to run plaintiff down there than on the pavement.) Those are all the hypothesized facts. It is clear that they do not constitute a complete and independent defense; neither do they controvert or disprove any *essential* factual element of plaintiff's case. Not only is the instruction incomplete " * * * in the essentials of its hypothesization * * *," it is equally lacking " * * * in a recognition of defendant's duties. * * *" Carlson v. St. Louis Public Service Company, Mo., 358 S.W.2d 795, 801. Nothing in it serves to negate the primary negligence submitted by plaintiff's Instruction 2. As plaintiff says, " * * * Every fact that the defendant has hypothesized to exonerate himself could be true and still he could be negligent in following too closely. * * *" The omission of these essential elements cannot be supplied by appending to the instruction a cryptic "catch-all" clause to the effect that defendant was " * * * exercising the highest degree of care * * *" or that he was "not negligent as submitted in other instructions." Ozbun v. Vance, Mo., 323 S.W.2d 771, 775; Carlson v. St. Louis Public Service Company, supra, 358 S.W.2d p. 802. There is nothing in those clauses to inform the jury that the hypothesized facts were mere window dressing and not a bona fide defense.

It is no answer to suggest that the defect is unimportant on the theory that the instruction was proper as a true converse, and that whatever may have been

added to it conjunctively, being unnecessary, could amount to nothing more than the assumption by defendant of a larger burden than the law required him to bear and ought therefore be disregarded as surplusage, as is the practice where a plaintiff's conjunctive submission requires the jury to find, in addition to all properly proven facts essential to his recovery, certain others which were not proven but were not essential. The same latitude is not allowable to a defendant in this particular. If a defendant hypothesizes certain facts ostensibly as a defense, then they must constitute a defense. They must be sufficient in and of themselves to negate plaintiff's theory of recovery; and this is true even though a general finding of no negligence is required by other portions of the instruction. Otherwise, as was said in Rohde v. St. Louis Public Service Co., Mo., 249 S.W.2d 417, 421, the inclusion of the hypothesized facts " * * * could amount to nothing other than a singling out and giving undue prominence to defendant's evidence, not in explanation of any principle relied upon, but simply as something put in an instruction which would serve no purpose other than to confuse the jury." Instruction 7 is vulnerable to that very criticism. The error in it is just as prejudicial as it was in the instruction under review in the Rohde case.

Accordingly, the ruling of the trial court is affirmed and the cause remanded for a new trial in conformity therewith.

RUDDY, P. J., and ANDERSON, J., concur.

## ON MOTION FOR REHEARING

PER CURIAM:

In his motion for rehearing defendant insists that we have misinterpreted the law in holding that his Instruction 7 did not controvert an essential factual element of plaintiff's case. He calls attention to the conflict in the evidence touching the manner in which the accident occurred, cites plaintiff's testimony to the effect that " * *

her car stopped behind the car ahead in the northbound lane and * * * did not strike the car ahead before it was hit by the defendant," and declares that "[t]hat was her theory of the case." He then concludes that Instruction 7 was a proper converse of those allegedly essential factual elements of her case because it " * * * required the jury to find that the plaintiff's automobile slowed suddenly and skidded and collided with the car ahead before the collision with defendant's automobile (rather than coming to a stop or almost to a stop) and that the collision occurred on the east shoulder (not on the highway)." Cited in support of that proposition are Frechin v. Thornton, Mo., 326 S.W.2d 122, McCarty v. Milgram Food Stores, Inc., Mo., 252 S.W. 2d 343, and Rollins v. Postlewait, Mo., 358 S.W.2d 828. A review of those cases, and others cited therein, will be helpful in considering and disposing of defendant's point.

In Frechin v. Thornton, supra, plaintiff's evidence was to the effect that she was attempting to pass defendant's truck on its left when, without warning, the truck swerved sharply to the left across the center line of the highway in the course of making a left turn onto a side road, crowding her car off the highway into a ditch. Defendant denied it. Plaintiff's verdict-directing instruction submitted that " * * * defendant turned to the left across the center line of said highway and upon the east shoulder of the highway in front of the automobile in which plaintiff was riding * * *." Defendant countered with an instruction authorizing a verdict in his favor if the jury found that at all times in question he operated his truck " * * * upon the right half (west) of the paved portion of U. S. Highway No. 71 by-pass, and did not operate said truck to the left (east) of the center line of said highway * * *." It was held that defendant's instruction was a proper converse of an essential factual element of plaintiff's case. And obviously it was.

In McCarty v. Milgram Food Stores, Inc., supra, plaintiff was injured when a Coca

Cola sign fell on her while she was shopping in defendant's store. She submitted her case under the res ipsa loquitur doctrine. In a res ipsa case, of course, the defendant's control of the instrumentality causing the injury is an indispensable prerequisite to plaintiff's recovery. She therefore required the jury to find that the sign " * * * was in the exclusive possession and control of the defendant * * *." And defendant's counter-instruction told the jury that no verdict could be returned in plaintiff's favor unless she had established " * * * that the Coca Cola sign mentioned in evidence was in the exclusive possession and control of the defendant * *." It was held that defendant's instruction was a proper converse of an essential factual element of plaintiff's case. And obviously it was.

In Conser v. Atchison T. & S. F. Ry. Co., Mo., 266 S.W.2d 587, plaintiff claimed to have been injured by the "unusual and extraordinary" jerk of the freight train on which he was riding. His main instruction required the jury to find that the " * * 'jerk of said caboose was unusual and extraordinary.' * * *" Defendant's counter-instruction advised the jury that even though the train jerked, still if " * * * the force of the jerk was not unusual and extraordinary in the operation of freight trains * * *" plaintiff could not recover. It was held that defendant's instruction was a proper converse of an essential factual element of plaintiff's case. And obviously it was.

In Schaefer v. Accardi, Mo., 315 S.W.2d 230, the court observed that in a personal injury case the injury itself was a vital element of the claim. Indeed, it is the very bone and marrow of such a case; and plaintiff's instruction accordingly required a finding in his favor on that issue. Defendant submitted simply that if " * * * the plaintiff was not injured on the occasion in question the plaintiff cannot recover * *." It was held that defendant's instruction was a proper converse of an essential factual

element of plaintiff's case. And obviously it was.

That brings us to Rollins v. Postlewait, supra, the most recent of the cases examined. In that case plaintiffs brought an action for the wrongful death of their infant son who was killed when defendant backed a truck over him. Plaintiffs' evidence tended to establish, and their main instruction hypothesized, that the child " * * * was sitting on the east curb * * * of * * *. * Forest Avenue * * *" at the time defendant backed the truck over him. Defendant's evidence tended to establish that the child was not *sitting* on the curb but was *standing* by it when the truck backed over him. Based on that variance in the two versions of the incident, defendant submitted this instruction: "The court instructs the jury that if you find and believe from the evidence that the deceased infant was not sitting on the east curb of Forest Avenue at the time defendant backed his truck upon and over him, then your verdict must be for the defendant Mr. Postlewait, regardless of any other fact or circumstance shown in evidence." It was held that defendant's instruction was a proper converse of an essential factual element of plaintiff's case

The only authority cited in support of that conclusion is the Schaefer Case, reviewed next above. The casual reader, however, may find the similarity between those two cases somewhat more elusive than the citation of one in support of the other would ordinarily imply. The "essentiality" of the child's exact position behind the truck at the time it crushed him does not appear to have been determined by quite so familiar a standard as that which leads to the conclusion, for instance, that an injury of some kind is essential to a plaintiff's recovery in a personal injury action. In consequence, we find defendant in this case insisting that the factual issues as to whether plaintiff struck the car ahead of her *before* or *after* she was hit from behind by defendant's car, and as to whether her car

was *on* or *partially off* the paved slab at the time she was hit, were just as essential in this case as was the position of the child in the Rollins Case.

While not denying the persuasiveness of the analogy, we think the decision in this case need not be dictated by it. We do not believe the court intended to leave the impression that the question of essentiality in the Rollins Case was being determined by the identical standard applicable to the Schaefer Case. An analysis of all the cases reveals that the question of essentiality of the controverted issue has invariably arisen, not upon a mere conflict in the evidence as to the existence of a particular fact, but upon plaintiff's submission of that fact in his main instruction as one required to be found as a prerequisite to his recovery. That circumstance is not without significance. It suggests a principle by which all the cases in which the question has arisen, or is likely to arise, may be reconciled. These fall logically into three classes, to be examined in their order.

■ In the first class the fact in dispute will be found to have been so essential to plaintiff's recovery that under our rules of practice he was required to hypothesize it in his verdict-directing instruction. In such cases the defendant's instruction submitting the converse of the dispute is obviously proper and we have no problem. Typical of these is the Schaefer Case.

■ In the second class the fact in dispute will be found to be, or at any rate should be, one of *evidentiary significance* although not absolutely essential to plaintiff's recovery. In such a case the plaintiff is not required to hypothesize it in his main instruction but, for reasons that recommend themselves to him as tactically advantageous, he may elect to do so. If he so elects, and stakes his recovery on the jury's finding the fact in his favor, the defendant may submit the converse of it as authorizing a verdict for himself, and the plaintiff will not afterwards be allowed to deny that

it possessed the quality of essentiality with which he himself invested it. He is sometimes said to be estopped to do so; but as suggested in Lindquist v. Kansas City Public Service Co., 350 Mo. 905, 169 S.W.2d 366, where an analogous proposition was under discussion, it is more precise to say that he will not be heard to complain of an error which he has himself invited. We think the Rollins Case was intended to be based on that principle. The clue is found in this sentence, 358 S.W.2d 1. c. 831: "Plaintiffs *chose* by instruction 1 *to require* the jury to find *as prerequisite to a plaintiffs' verdict* that while Ricky was sitting on the east curb of Forest the defendant backed his truck upon and over him."

In the third class of cases, of which this one is the example in point, it will be found that the fact in dispute has never risen to the dignity of a factual issue or essential factual element of plaintiff's case for the reason that, being neither required by law to hypothesize it nor having elected to do so, plaintiff refrained from submitting it to the jury for determination in her favor as a prerequisite to a verdict for her. Her main instruction reads as follows: "The court instructs the jury that if you find from the evidence on the occasion mentioned in evidence that plaintiff was riding as a passenger in an automobile being operated northwardly on Highway 61 in a line of traffic, if you so find; and if you further find that at about the same time the defendant Hubert Sitz drove and operated his automobile in a northwardly direction on Highway 61 at about sixty feet to the rear of the automobile in which plaintiff was riding and at a speed of about thirty-five to forty miles per hour, if you so find; and if you further find that thereafter under the aforesaid conditions the automobile in which plaintiff was riding slowed down until it was stopped or almost stopped, and that thereafter the automobile of the defendant collided with the rear end of said automobile and the plaintiff was injured as a direct result of said collision, if you so find; and if you further find that prior to the time that the automo-

bile in which plaintiff was riding started to slow that the operation by the defendant of his automobile at a speed of thirty-five to forty miles per hour about sixty feet behind the car in which plaintiff was a passenger was too close and was dangerous and not reasonably safe and a collision was likely to occur should the car in which plaintiff was a passenger slow and stop, if you so find; and if you further find from the evidence that the defendant knew or by the exercise of the highest degree of care should have known that operating his vehicle in said manner was too close and was dangerous and not reasonably safe should the car in which plaintiff was a passenger slow and stop, if you so find; and if you further find that in so operating his vehicle he failed to exercise the highest degree of care and was thereby negligent, if you so find; and if you further find that said negligence directly caused or contributed to cause the collision and injury to plaintiff, then your verdict shall be in favor of the plaintiff and against the defendant."

The instruction does not require the jury to find whether plaintiff struck the car ahead of her *before* or *after* she was hit from behind by defendant's car (or at all, for that matter), nor does it require a finding as to whether plaintiff's car was *on* or *partially off* the paved slab at the time she was hit. The conflicting evidence as to those details found no place in her instruction. A determination of the dispute over them was not essential to her recovery as a matter of law, nor did she elect to make it so by requiring the jury to resolve it in her favor. Hence, she cannot be said either to have invited the defendant to hypothesize those details and predicate a verdict in his favor on the jury's finding he was right about them, or to have estopped herself to complain of the error when he did. Even if the disputed facts had been hypothesized in plaintiff's instruction we would reserve the right to decide whether they had any real evidentiary significance. Since they were not, no decision is necessary. It may not be amiss to add, however, that in framing the principle by which we hope our decision in this case has been reconciled with that in the Rollins Case, and the two of them with all the other decisions on the subject, we advisedly used the term "evidentiary significance" as descriptive of the type of disputed fact which a plaintiff might, by election to hypothesize it in his main instruction, transmute into an essential factual element of his case, it being our purpose to select a term readily distinguishable from the word "essential" in its usual sense, while at the same time laying to rest any notion that a plaintiff's hypothesis of an accident occurring on Tuesday would warrant the defendant's submission of an instruction exculpating him if the jury should find that the accident occurred, say, on Wednesday.

We adhere to our original ruling that defendant's Instruction 7 did not constitute a proper converse of any essential factual element of plaintiff's case, and that it was vulnerable to the criticism leveled against it. The motion for rehearing is denied.